IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD ) | |
| ) | 06CV3132 |
| Plaintiff, ) | JUDGE FILIP |
| vs. ) | MAGISTRATE COLE |
| ) | |
| CITY OF CHICAGO ) | |
| SERGEANT KNASIAK #1841 ) | |
| ) Honorable Judge | |
| ) | |
| ) | |
| ) JURY DEMAND | |
| Defendants. ) | |

**COMPLAINT**

FILED
JUN 0 7 2006 NR
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*Jurisdiction and Venue*

1. This Court has jurisdiction under 42 USC section 2000e et seq. All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois.

*Parties*

2. The plaintiff is a natural person, residing in the Northern District of Illinois.

3. Upon information and belief, the City of Chicago is a municipality, operating the Chicago Police Department.

4. Upon information and belief, the defendant, Sergeant Knasiak, is a sergeant with the Chicago Police Department.

*Common Facts For All Counts*

5. The plaintiff is a German Jew who emigrated to the United States. His family was killed in the Holocaust.

6. The plaintiff has worked for the Chicago Police Department since 5 July 1994.

7. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him.

1

8. Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask the plaintiff, why didn't they burn all of the Jews?

9. Repeatedly, he would make Jewish jokes in front of the plaintiff.

10. Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika.

11. Sergeant Knasiak would call the plaintiff a stupid German.

12. When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other.

13. Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful.

### Count I: Religious discrimination: Jewish

14. The plaintiff incorporates by reference the common facts relating to all counts.

15. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage.

16. Repeatedly, Sergeant Knasiak refused.

17. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion.

18. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

19. The plaintiff filed internal complaints regarding the hostile work environment against Sergeant Knasiak.

20. However, the defendant, City of Chicago, continued to allow the hostile work environment against the plaintiff.

2

21. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further harassment.

22. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

23. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

24. During the many years that Sergeant Knasiak harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

25. The City of Chicago acted blindly towards the harassment.

26. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

27. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

28. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to harass the plaintiff.

29. The City of Chicago ratified Sergeant Knasiak's repeated harassment of the plaintiff.

30. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

31. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

32. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

   a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

   b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

   c. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

   d. Granting all other relief to make the plaintiff whole because of the City of Chicago's violations of his Civil Rights Act.

### Count II: *National origin discrimination: German*

33. The plaintiff incorporates by reference the common facts relating to all counts.

34. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

35. Repeatedly, Sergeant Knasiak refused.

36. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

37. He would refer to the plaintiff as a Nazi, stupid German and so forth.

38. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

39. The plaintiff filed internal complaints regarding the hostile work environment against Sergeant Knasiak.

4

40. However, the defendant, City of Chicago, continued to allow the hostile work environment against the plaintiff.

41. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further harassment.

42. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

43. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

44. During the many years that Sergeant Knasiak harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

45. The City of Chicago acted blindly towards the harassment.

46. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

47. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

48. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to harass the plaintiff.

49. The City of Chicago ratified Sergeant Knasiak's repeated harassment of the plaintiff.

50. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

51. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

52. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

   a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

   b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

   c. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

   d. Granting all other relief to make the plaintiff whole because of the Unilever Best Foods' violations of his Civil Rights Act.

### Count III: Retaliation

53. The plaintiff incorporates by reference counts I and II.

54. After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

55. He required the plaintiff to work in a police car by himself in a high crime neighborhood.

56. This is true though other officers had a partner in the police car with them in a high crime area.

57. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

6

58. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

59. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

60. Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the plaintiff.

61. The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

62. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

63. The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

   a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

   b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

   c. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

   d. Granting all other relief to make the plaintiff whole because of the defendant's violations of his Civil Rights Act

### *Count IV: Intentional infliction of emotional harm*

64. The plaintiff incorporates by reference counts I-III.

65. The defendant, City of Chicago, invested substantial power in Sergeant Knasiak over the plaintiff.

66. The City of Chicago allowed Sergeant Knasiak to openly and publicly harassed the plaintiff.

67. The City of Chicago failed to prohibit Sergeant Knasiak from openly and publicly harassing the plaintiff.

68. The City of Chicago and Sergeant Knasiak acted with intent to cause or with reckless disregard to cause the plaintiff severe emotional distress.

69. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional distress.

70. Defendants' conduct was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendants for all compensatory and punitive damages allowed by law.

Respectfully submitted,

*Joseph A. Longo*
Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL 60056
847/640-9490
Attorney Number 53635