# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 3132 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The Executive Committee transferred this case from Judge Filip to this court on March 6,

2008.  Before the court is an objection to Magistrate Judge Cole's order issued on March 4, 2008

(the "Order"), in which Judge Cole denied the plaintiff's "motion to allow [a] second amended

complaint."  The plaintiff, Detlef Sommerfield ("Sommerfield"), timely filed objections to the

Order.[1]  *See* Fed. R. Civ. P. 6(a); *id.* at 72.  For the reasons stated below, Sommerfield's

objections are sustained in part and overruled in part.

### ANALYSIS

With the proposed amendment, Sommerfield sought to add several new counts against

the defendant, the City of Chicago (the "City"), and against a previously-dismissed defendant,

Sergeant Lawrence Knasiak ("Knasiak").  Sommerfield asks the court to review Judge Cole's

denial order, but he mixes the tests for *de novo* and clear error review, ultimately setting forth

---

[1]Both parties refer to the motion as a "motion for reconsideration."  Such a motion would
be filed with the magistrate judge who issued the opinion.  Here, Sommerfield brings his motion
pursuant to Federal Rule of Civil Procedure 72 and directs it to the district court.  Therefore, it
should properly be called an objection.

arguments in a way that anticipates that this court "may freely reject the magistrate's recommendation." Pl.'s Mot. at 4.  The City, on the other hand, advocates for a clear error standard.  Def.'s Resp. at 2-3.  Therefore, as an initial matter, the court must determine the correct standard of review.

Although courts differ in their treatment of a motion to amend, in the Seventh Circuit a motion to amend is a nondispositive motion for purposes of Rule 72.  *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1999) (concluding a magistrate judge ruled on a motion for leave to amend "pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that the district court may designate a magistrate judge to hear and determine, with certain exceptions not relevant here, any nondispositive pretrial matter."); *Hart v. Dow Chem.*, 95 C 1811, 1997 WL 627645, *4 (N.D. Ill. Sept. 30, 1997) ("A motion to amend is a nondispositive motion, including a motion to amend to join new parties.").  Where a magistrate judge has decided a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  Thus, the correct standard of review is for clear error, which "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Judge Cole, following a referral from the district court, exercised his discretion to deny

leave to amend pursuant to Rule 15, which requires a court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Guise v. BMW Mortgage, LLC*, 377 F.2d 795, 801 (7th Cir. 2004) ("The . . . court's decision to grant or deny a motion for leave to file an amended pleading is a matter purely within the sound discretion of the . . . court."). Indeed, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Guise*, 377 F.2d at 801 ("[A] district court may deny leave to amend on the grounds or undue delay, bad faith, dilatory motive, prejudice, or futility."). With this in mind, the court now turns to Sommerfield's arguments.

Sommerfield contends that Judge Cole erred in concluding that: (1) Sommerfield could have asserted the causes of action relating to training and investigation earlier; (2) the amendment would considerably expand discovery, which is scheduled to close on May 16, 2008; (3) the City would suffer undue prejudice from the amendment, even if it was delayed. This court's task on a Rule 72 motion is to determine whether " any part of the order . . . is clearly erroneous or is contrary to law," and not to decide *de novo* disputed issues relating to the merits of the motion. Judge Cole reviewed the requests to add Knasiak and to add claims against the City separately, and this court will do the same.

## A.    Claims Against Knasiak

Judge Cole refused to allow Sommerfield to add Knasiak as a defendant reasoning that: (1) Judge Filip has dismissed Knasiak from the case and that he, as a magistrate judge, had no

authority to overrule a dismissal order of an Article III judge; and (2) bringing Knasiak back in would expand discovery considerably because he would have a right to take discovery independently of that already taken by the City.  Tr. at 36:13-37:5.  Sommerfield asserts there would be no prejudice as all necessary discovery has already been taken and that Judge Cole had authority to add Knasiak by virtue of Judge Filip's referral of the motion to amend.

The proposed § 1981 and § 1983 counts against Knasiak, Sommerfield's former supervisor, are based on Knasiak's alleged discriminatory treatment of Sommerfield.  Originally, Sommerfield brought a single count, for intentional infliction of emotional distress, against Knasiak.  Judge Filip dismissed the count as time-barred on February 14, 2007 and consequently dismissed Knasiak as a defendant.  Based on the same facts, Sommerfield now seeks to add Knasiak back into the case by asserting federal claims.  Sommerfield admits that Judge Filip, in August 2007, denied a motion to amend to add § 1981 and § 1983 counts against Knasiak because discovery was about to close.  He now asks the court to reach a different conclusion because Judge Cole has extended the close of discovery, arguing that, because Knasiak is represented by City of Chicago attorneys, all the discovery needed has been taken.

Sommerfield's argument that adding Knasiak would not expand discovery is unpersuasive.  Knasiak was dismissed from the case in February 2007 on a motion filed before discovery got underway.  As Judge Cole noted, Knasiak has a right to take his own discovery and does not have to rely on that taken by the City on its own behalf.[2]  A review of the docket

---

[2]Sommerfield's argument that Knasiak's failure to respond to Sommerfield's motion is evidence that he does not object and will suffer no prejudice is nonsensical.  Knasiak is not a party to this case and has not been a party for more than a year.  A former defendant who has prevailed on a motion to dismiss has no reason to respond to pending motions in a case.

4

shows that discovery has been dragging on in this case for some eighteen months with multiple

extensions.  The current cut off for fact discovery is May 16, 2008.  Adding Knasiak at this time

would delay discovery and subject the City to additional discovery from a new defendant.

Additionally, Sommerfield did not file to add Knasiak until February 21, 2008, many months

after the initial discovery extensions were granted and over a year after Knasiak was dismissed

from the case.  In light of these facts, Judge Cole's discretionary decision to disallow the

addition of Knasiak because of prejudice as a result of the expansion of discovery was

reasonable.  Therefore, Sommerfield's objection with respect to the addition of Knasiak as a

defendant is overruled and the court does not reach the issues of whether the prior dismissal from

the case bars bringing Knasiak back in or whether the claims relate back to the original filing.

## B.      Claims Against The City

The new counts against the City are *Monell* claims[3] that relate to an alleged policy of

inadequate training and investigation.  Judge Cole denied the motion to amend following

argument, but without full briefing by the parties.[4]  The transcript discloses vigorous discussion

between the parties and the court regarding the merits of the motion.  Sommerfield contends he

first gained sufficient facts to support these claims in depositions, originally noticed for

September 13, 2007, but taken in January and February 2008 after the City failed to identify and

produce witnesses in a timely manner.  Counsel for Sommerfield argued that he had all the

---

[3]*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[4]The docket shows that Sommerfield filed his motion on February 21, 2008, Judge Filip referred the motion to Judge Cole on February 26, 2008, and Judge Cole decided the motion on March 4, 2008.  The docket does not show a response by the City or a reply in support of the motion.

discovery he needed on these issues and that he could not plead the new counts earlier because of Rule 11 concerns.[5]  Tr. 19:14-16; *id.* at 19:24-20:2.

The City argued that it would be prejudiced by the amendment, which was untimely because the City had filed an answer asserting the relevant affirmative defense[6] on January 31, 2007, produced written training policies to Sommerfield as part of its Rule 26(a) disclosures, and disclosed no new information at the depositions.  Tr. 25:12-26:24.  Judge Cole questioned whether additional discovery would be needed to prove whether the alleged delays in the investigations were reasonable, Tr. at 23:2-4, whether additional discovery would be needed regarding the adequacy of training, Tr. 30:9-13, and whether an expert would be necessary, Tr. 32:12-24.  Judge Cole also questioned whether the facts sufficiently stated a claim for municipal liability, Tr. at 24:9-20 and 30:9-31:7, and whether Sommerfield's theory of liability was legally sufficient, Tr. 28:20-29:15.  Judge Cole concluded that Sommerfield knew or should have known, about the new claims earlier, that the claims would expand discovery "monumentally," and that the claims were futile because they were likely time-barred or failed to state a claim.[7]

1.    Undue Delay And Prejudice

---

[5]Sommerfield may have made additional arguments regarding what was learned at the depositions; unfortunately some statements were rendered "inaudible" on the transcript, so the court cannot tell.  *See, e.g.*, Tr. 17:4-21 (discussing deposition testimony).

[6]The affirmative defense is pled by reference to *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), which provide for an affirmative defense where the employer has exercised reasonable care and the employee has failed to take advantage of safeguards.

[7]Sommerfield does not directly address the issue of futility.  However, because Judge Cole has the discretion to deny leave to amend where the amendment would be futile, notwithstanding its timeliness or lack of prejudice, the court must review all grounds to determine whether or not the denial was in error.

The parties dispute whether or not there was a valid reason for the delay in filing a motion for leave to amend.  Judge Cole concluded that Sommerfield unduly delayed the amendment because he, or his lawyer, knew or should have known about the claims long ago. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) ("Although leave to file an amended complaint should be granted liberally, a request to amend may be denied on several grounds, including undue delay.").

At the evidently contentious hearing, Sommerfield's counsel argued that he could not in good faith have pled the *Monell* claims before he obtained the evidence of a custom and practice during Rule 30(b)(6) depositions, finally taken in January and February of 2008 after a delay of several months caused by the City.  *See, e.g.*, Tr. 22:7-21; *id.* at 27:25-28:13.  Judge Cole rejected this argument because of Sommerfield's own experiences in the police department and his counsel's experience.  *See* Tr. at 15:3-20 (Judge Cole: "[Sommerfield] had to know. . . . There's nothing that [he] didn't know that at this late date should justify an amendment to the complaint that arguably is futile . . . ."); Tr. at 21:11-23 (stating that failure to train should have been seen as a viable claim from the beginning of the suit and that Sommerfield's counsel could have asked interrogatories about it at the start of the case).  However, Sommerfield's counsel argued that he believed that, under prevailing case law, he needed confirmation from sources other than his own client in order to have a good faith basis for pleading a custom and practice claim.  *See* Tr. at 24:2-5.  Given the lack of clarity regarding pleading standards for *Monell* claims, especially failure to train claims, this argument does not seem unreasonable.[8] Additionally, a review of the docket shows that, although motions to dismiss have been filed and

---

[8]*See* § B(2) for a brief overview of relevant case law.

the case is almost two years old, no summary judgment motions have been filed, no trial date has been set, fact discovery does not close for another month, Sommerfield has filed multiple motions to enforce discovery, and discovery extensions have been granted at the request of the City.

Whether a delay is unreasonable is factually specific and involves some attempt to measure the prejudice to both parties from a grant or denial of leave to amend. *Compare Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue delay where plaintiff did not have access to information until late in discovery and requested leave to amend shortly thereafter), *with Hindo v. Univ. of Health Sci.*, 65 F.3d 608, 615 (7th Cir. 1995) ("A denial is particularly warranted in instances in which the plaintiff has failed to provide an explanation as to why the amendment did not take place sooner . . . ."), *and Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 774 (7th Cir. 1995) (finding amendment untimely where the defendant had filed a successful motion for summary judgment four years after the case began), *and Zahran v. Nat'l Guardian Life Ins. Co.*, 157 F.R.D. 443, 444 (N.D. Ill. 1994) (denying a motion to amend as untimely when it was filed three months before trial in a four-year old case where plaintiff gave no fact-based reason for the delay).

The parties dispute the prejudice the City will suffer from allowing the amendment, although there seems to be no dispute that the claims and likely defenses for the *Monell* claims are similar to the original claims. The City has not explicitly argued that the new claims would require it to take additional discovery, in fact, it stated at the hearing that it has asserted an affirmative defense that contemplated the issues of training and investigation and has provided discovery on those issues to Sommerfield. If the amendment is allowed, it appears that the party

8

who would need additional discovery would be Sommerfield.[9]  But he has represented – in argument and in his brief – that he has sufficient discovery and the court will not question that assertion at this stage.  *See, e.g.*, Tr. 17:4-5; *id.* at 19:24-25.  Thus, the basis for Judge Cole's conclusion that discovery would be expanded greatly is unclear.  In light of Sommerfield's representations, and this court's agreement with Judge Cole that the claims against Knasiak cannot proceed, there is no reasonable basis for finding that the amendment would be unduly prejudicial to the City.  Absent prejudice to the City, the delay is not so grievous as to place the request for leave to amend outside the realm of requests that should be liberally granted.  Therefore, the court finds Judge Cole's denial of the motion on grounds of undue delay and prejudice to be in error.

2.   Futility

Judge Cole also determined that Sommerfield's amendment would be futile because the allegations are legally insufficient to state a claim for municipal liability,[10] a determination that this court reviews for clear error.  When reviewing a Rule 15 motion for leave to amend, a court has discretion to consider the legal sufficiency of a proposed amended complaint, as it would pursuant to a Rule 12(b)(6) motion to dismiss.  *See* Fed. R. Civ. P. 15(a); *id.* 12(b)(6).  Judge Cole reached his conclusion that Sommerfield failed to state a claim upon which relief could be granted without the benefit of briefing from the parties on the issue, instead drawing on his

---

[9] Knasiak could also require additional discovery, but Judge Cole appropriately held that he may not be added at such a late stage.

[10]Judge Cole also mentioned that the claims were likely time-barred and this discussion is interwoven with that regarding whether Sommerfield unduly delayed filing.  *See* Tr. 10:21-11:17; *id.* at 19:14-21:13.  *See also* § B(1) *supra* for discussion.

9

experiences in a recent case, which also dealt with a motion for leave to amend and add *Monell*

claims, to explain his conclusions.  *See* Tr. 24:9-25:5 (citing to *Sapienza v. Forest Pres. Dist. of*

*Cook County*, 06 C 5599, 2007 WL 4591979 (N.D. Ill. Dec. 28, 2007) for an overview of the law

on municipal liability, including *Hirsch v. Burke,* 40 F.3d 900 (7th Cir. 1994) for elements of a

*Monell* claim).

Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability

of the plaintiff to prevail on the merits.  *See Bower*, 978 F.2d at 1008 ("[A]n amendment may be

futile when it fails to state a valid theory of liability or could not withstand a motion to

dismiss.").  The Seventh Circuit announced the basic pleading standards for municipal liability

in *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000).  The court stated:

> To allege that a municipal policy has violated an individual's civil rights under §
> 1981 or § 1983, [the plaintiff] need[s] to allege that (1) the City had an express
> policy that, when enforced, causes a constitutional deprivation; (2) the City had a
> widespread practice that, although not authorized by written law or express
> municipal policy, is so permanent and well settled as to constitute a custom or
> usage within the force of law; or (3) plaintiff's constitutional injury was caused
> by a person with final policymaking authority.

*McCormick*, 230 F.3d at 324 (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir.

1995)).  A plaintiff may state a claim against a municipality where a "concededly valid policy is

unconstitutionally applied by a municipal employee . . . if the employee has not been adequately

trained and the constitutional wrong has been caused by that failure to train."  *City of Canton v.*

*Harris*, 489 U.S. 378, 388 (1989).  However, the liability attaches only "where the failure to train

amounts to deliberate indifference."  *Id.*  Proof of "deliberate indifference" may be "either [proof

of] (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to

act in response to repeat complaints of constitutional violations by its officers."  *Sornberger v.*

*City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (citing *City of Canton*, 489 U.S. at 390 & n.10 and *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997)).

To survive a Rule 12(b)(6) motion to dismiss, the allegations of a complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973-74 & n.14; *McCormick*, 230 F.3d at 325 (noting that an amended complaint must give notice of "the crux of plaintiff's charges" and that conclusory pleading is sufficient when buttressed by facts alleging wrongdoing).

A failure to train claim is not easy for a plaintiff to prove; however, a inquiry into the merits is premature on a Rule 15 motion. Nevertheless, a review of Judge Cole's comments during the hearing shows that he questioned Sommerfield extensively about the merits of his legal argument and his ability to prevail on his claims. *See* Tr. 28:21-28:25 ("What case holds that because you only train people at the Academy and that thereafter you don't have a continuous policy of training, that is a deliberate indifference to the rights of citizens?"); *id.* at 29:10-15 ("The problem is do you have a case that even remotely holds that because you're only trained in the Academy and you're not – there's not an ongoing series of training throughout the course of your police career, that [that] is [the] kind of deliberate indifference that you need to plead for a *Monell* claim?"); *id.* at 30:9-13 ("In order to prove . . . what you need to prove to prevail, which is that they were on notice of a pattern of constitutional violations resulting from the inadequate training, you're going to have to take extensive discovery."); *id.* at 32:12-23

11

(opining that Sommerfield would need an expert to tell the jury whether the training was

inadequate).  Rather than reviewing the proposed amended complaint for Rule 12(b)(6) issues

and construing allegations and inferences in favor of the plaintiff, it appears that Judge Cole may

have prematurely assessed the merits of the claim based on the sufficiency of the evidence and

the soundness of the legal argument, something easy to do given his extensive experience

supervising discovery in the case.[11]  In doing so, Judge Cole demanded more of Sommerfield

than the liberal notice pleading required for a § 1983 claim under Rule 8 and *Twombly*.  *See*

*Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (holding, post-*Twombly* in an

Eighth Amendment case brought pursuant to § 1983, that conclusory allegations were sufficient

to state a claim because the plaintiff was required only to plead so as to "give the defendant fair

notice of what the claim is and the grounds upon which it rests").

Keeping in mind liberal notice pleading standards and the fact that leave to amend should

be granted liberally pursuant to Rule 15, denial based on an assessment of the merits is contrary

to the law.  In the § 1981/§ 1983 counts of his proposed second amended complaint,

Sommerfield alleges in part that: the City provides insufficient training on discrimination and

harassment by training only at the academy, ¶¶ 88, 90; the failure to train regularly demonstrates

a custom and practice, ¶ 94; the City acted in reckless disregard by failing to train, ¶ 95; the City

knew the failure to train would increase the likelihood of discrimination and harassment, ¶ 96;

certain officers did not know if they had been trained or that their actions were unlawful, ¶¶ 90,

97-98; three people complained of discrimination by Knasiak, ¶ 126; supervisors ignored

---

[11]Judge Cole did not allow further briefing on the merits of the claims.  *See* Tr. 29:1-30:3
(denying Sommerfield the opportunity to file a memorandum outlining the legal bases for his
claim).

complaints and did not know the procedure for complaints, ¶¶ 99, 122; the lack of training was done with reckless disregard and deliberate indifference, ¶ 107; and there is a causal connection between the policies and the plaintiff's claims of religious and national origin discrimination, ¶ 131. In regard to the City's investigations, Sommerfield alleges in part that: the City does not have a policy of investigating promptly and efficiently, ¶ 101; investigations take several years, ¶ 102; the plaintiff's investigation took three years, ¶ 103; discrimination and harassment continued during the investigation because the parties are not separated, ¶¶ 33, 105; lengthy investigations are the custom and practice of the City, ¶ 104; and this is done with reckless disregard and deliberate indifference, ¶ 108. These allegations, although conclusory in many regards, are sufficient to put the City on notice of the claims against it. Therefore, Sommerfield's objections to Judge Cole's March 4, 2008 order are sustained and his motion to allow a second amended complaint is granted in part, consistent with this opinion.[12]

## C.    Sommerfield's Motion To Amend And Ongoing Discovery

A court may, in its discretion, make an amendment contingent. *See, e.g.*, *S.F.M. Corp. v. Sundstrand Corp.*, 99 F.R.D. 101, 107 (N.D. Ill. 1983) (justice required that a belated amendment of counterclaims be conditioned on defendant's reimbursement of costs to reexamine previously deposed witnesses). In light of the imminent close of fact discovery and Sommerfield's representations that he has already conducted all the discovery he needs on the

---

[12]The court sees no other obvious grounds for denying the motion for leave to amend. Although Judge Cole raised the possibility of the claims being time-barred, given the sparse arguments on the issue from the parties and the dispute over when Sommerfield knew or should have known that the City's alleged failure to adequately train was the likely cause of his injury, the court finds the issue more appropriate for resolution on a motion to dismiss or summary judgment than on a Rule 15 motion to amend.

new claims, the court allows Sommerfield to file an amended complaint consistent with this order within ten days, conditioned on plaintiff's agreement not to propound further fact discovery relating to these claims absent prior permission from the court.  If the City believes it needs additional fact discovery to defend itself against the new claims, it may propound requests no more than fourteen days after plaintiff files his second amended complaint and seek a further, short, extension of the close of fact discovery for this limited purpose.  All other fact discovery must be completed by the existing deadline of May 16, 2008 and expert discovery will proceed on the schedule set by Judge Cole on February 7, 2008.

CONCLUSION

As explained above, the court sustains Judge Cole's order as to the denial of leave to amend to add Knasiak, but overrules the denial of leave to add claims against the City. Accordingly, the plaintiff's Rule 72(a) objections are sustained in part and overruled in part and plaintiff's motion to allow a second amended complaint is granted in part and denied in part. Plaintiff may file a second amended complaint, consistent with this order, within ten days.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge


DATED: April 29, 2008

14