# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DETLEFF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 3132 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| CITY OF CHICAGO | ) | Magistrate Judge Cole |
| | ) | |
| | ) | |
| Defendant | ) | |

## <u>AMENDED MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION</u>

### INTRODUCTION

Mr. Sommerfield has moved for issuance of a rule to show cause why the City of Chicago should not be held in contempt for violating the court's order of August 9, 2007. The order consisted of rulings and instructions made during a more than three-hour hearing on the plaintiff's motion to compel answers to interrogatories and the production of documents in response to 168 separate requests.[1] The City was ordered to provide certain answers and documents. Prior to receiving the City's supplemental responses, Mr. Sommerfield appealed the August 9th rulings to Judge Filip. Although the current motion makes no mention of the appeal or its outcome, as we shall see, it is a matter of more than passing significance.

Despite its title, the motion ultimately seeks: 1) a finding of contempt against the City, 2) the striking of the City's affirmative defenses, 3) the "ent[ry of] a finding of an admission of liability relating to" the allegedly improperly answered interrogatories and requests to produce, and 4) an

---

[1] Another three hour hearing was held on other discovery matters on October 4, 2007. There have been several other very extensive hearings in addition to these.

award of attorneys' fees. (*Plaintiff's Motion*, at 11). It is the City's position that it has fully complied with the August 9th order and that the motion is "replete with mischaracterizations of the court's August 9, 2007 rulings." (*Defendant's Response*, at 4).

Mr. Sommerfield's motion is troubling in several respects. First, it does not adequately prove--even as a threshold matter-- that City violated the order of August 9, 2007, for there is no evidence of what the city was ordered to do during the three hour plus hearing on August 9th since Mr. Sommerfield has not attached even a portion of the transcript of the proceedings. As the City's response brief notes, Judge Filip was troubled by Mr. Sommerfield's failure to have attached the transcript to his motion challenging the August 9th orders. (*City's Response* at 6):

> Plaintiff's motion is extraordinarily poorly presented. *It does not, for example, attach a copy of the rulings it seeks to overturn.* Relatedly, the motion is written without reference to specific rulings and reasoning set forth by Judge Cole. These are, with all respect, fundamental problems, in that it is difficult to see how a reviewing court could find an abuse of discretion concerning a series of rulings that are neither provided nor addressed in any meaningful detail in the objector's brief. The failure to include the transcript of Judge Cole's rulings is especially egregious in this case since Judge Cole devoted more than three hours of in-court time to the hearing and it produced a transcript that spans over 150 pages.

(*City's Response*, Ex. D at 1-2)(Dkt No. 102)(Emphasis supplied).[2]

The current motion has elected to follow the same format and not to attach the transcript despite the Seventh Circuit's repeated admonitions that the kinds of significant sanctions sought here should be rarely employed and only when there is a clear record of contumacious conduct. *Banco Del Atlantico, S.A. v. Woods Industries, Inc.*, 519 F.3d 350, 354 (7th Cir. 2008). Whether the City has

---

[2] Judge Filip concluded that it was "somewhat difficult to review plaintiff's unfocused objections – which are generically presented, in a seeming rehashing of the motion to compel, without including any meaningful discussion of Judge Cole's extended analyses or any explanation for why his discovery rulings could constitute clear error or an abuse of discretion." (*Exhibit D* at 1-2).

2

violated the rulings on August 9th can only be established by the transcript of that protracted proceeding. *See Yourish v. California Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999)(the record of the oral proceedings constituted the court's order). Without it, the motion is nothing but a series of *ipse dixits*.

Second, the motion neither cites nor refers to any of the Federal Rules of Civil Procedure, even though "[w]hen we deal with sanctions for violations of the rules governing litigation, we must begin, of course, with the text of those rules." *Salgado by Salgado v. General Motors Corp*, 150 F.3d 735, 740 (7th Cir.1998). That leads to the motion's third difficulty, namely its failure to recognize that selecting an appropriate sanction for a discovery violation involves the exercise of a court's broad discretion, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980); *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir.2007), which in turn requires consideration of the factors relevant to that exercise. *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007).

Rather than showing that the requested sanctions are "just," as Rule 37(b)(2)(A) requires, *Roadway Express, Inc.,*, 447 U.S. at 763-64 and that lesser sanctions would be inadequate, *Banco Del Atlantico, S.A. v. Woods Industries, Inc.*, 519 F.3d 350, 354 (7th Cir. 2008), Mr. Summerfield's motion proceeds on the unarticulated and incorrect assumption that they follow inexorably from a showing that the City breached a court order. Acceptance of the motion's underlying thesis would impermissibly replace the discretionary regime established by Rule 37(b)(2) with a fixed rule.

In short, the motion is essentially unsupported both factually and legally

## ANALYSIS

### A.

The first issue, which the parties' briefs do not discuss, is procedural. The motion nominally seeks issuance of a rule to show cause why the City should not be held in contempt. The purpose of such a motion is to persuade the court that there should be a hearing at which the factfinder will ultimately evaluate whether a finding of contempt is appropriate on the evidence presented. *See Commodity Futures Trading Com'n v. Velazquez*, 2007 WL 1673218, *2 (N.D.Ill. 2007)(Filip, J.).[3] The question that immediately presents itself is, ought the burden to show entitlement to a hearing be the same as the ultimate burden of proof and if not, what should it be? That question has proven somewhat vexing, as Judge Filip noted in Velazquez. *See also Bd. of Trustees of the Bricklayers Local 74 v. Michael A. Vorkapic, Inc.*, No. 01 C 1048, 2001 WL 649501, at *2, n. 2 (N.D.Ill. 2001)(Grady,C. J.)(noting the absence of circuit precedent regarding the appropriate burden in a rule to show cause proceeding in the civil contempt context).

As recently as *Maynard v. Nygren*, 332 F.3d 462, 469 (7th Cir. 2003), the ultimate burden of proof in civil contempt cases was clear and convincing evidence. *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir.2007), however, expressed "doubt" that "clear and convincing" evidence

---

[3] Motions for rule to show cause have existed since the beginning of the Republic. *Life & Fire Ins. Co. of N.Y. v. Adams*, 34 U.S. 571 (1835)(Marshall, C.J.). Their continuing utility when made by a party has been questioned. *See Application of Tracy*, 106 F.2d 96, 98 (2nd Cir. 1939)(Clark, J., concurring)("An unnecessary appearance of irregularity was given the proceedings below by the fact that formal orders to show cause, signed by a judge, were procured, whereas simple notices of motions would have been preferable. The new Federal Rules of Civil Procedure attempt to limit to a minimum these unnecessary formalities which take up the time of judges and add nothing of value to the proceedings. Here the order to show cause on the motion to quash was simply a somewhat peremptory notice of motion, as the judge below pointed out. Since such orders to show cause serve only to confuse, judges might well decline to sign them except when really required by or justified under binding rules of procedure."); *SEC v. VTR, Inc.*, 410 F.Supp. 1309, 1313 n. 3 (D.D.C.1975).

Where a court *sua sponte* issues a show cause order--for example to show cause why sanctions should not be imposed-- the procedure is alive and well. *See MAS Capital v. Blooddelivery Sciences International ,Inc.* (Slip op. no. 07-3138)(7th Cir. May 1, 2008).

is required, noting that the Supreme Court held in *Grogan v. Garner,* 498 U.S. 279 (1991) that heightened burdens of proof do not apply in civil cases unless a statute says so or the Constitution requires an elevated burden. *See also Ty Inc. v. Softbelly's, Inc.* 517 F.3d 494, 498 (7th Cir.2008)(same). The court did not decide the issue since Soo Line did not ask it to revisit *Maynard* (which did not discuss the Supreme Court's decisions).

Judge Filip quite rightly concluded in *Velazquez* that the burden to establish the "propriety of having a hearing" is logically less demanding at the threshold stage than the burden would be at the close of all the evidence. He agreed with Judge Gottschall, who years earlier had held that "'[t]he factual determination that sets the [contempt] proceedings in motion is perhaps best described as a preliminary assessment that the facts presented implicate defendants in violation of the court's order.' *Central States v. Transcon Lines,* No. 90 C 1853, 1993 U.S. Dist. LEXIS 12427, at *7 (N.D.Ill. Sept. 7, 1993)." These conclusions are in accord with cases in other contexts dealing with what must be shown before the movant is entitled to a requested hearing. *Compare Valentine v. United States,* 488 F.3d 325, 334 (6th Cir.2007)("The defendant's burden to show his right to a hearing is significantly lower than his burden to show he is entitled to § 2255 relief.")

Merely insisting on a hearing is never enough. As Judge Gottschall recognized, there must always be some threshold *factual* showing. In another context, the Supreme Court has spoken of the "threshold burden of tendering *evidence suggesting* the need for a hearing...." *Costle v. Pacific Legal Foundation,* 445 U.S. 198, 214 (1980)(Emphasis supplied). That formulation applies perfectly here and in any other setting in the absence of statutorily imposed criteria. *See Alphin v. United States,* 809 F.2d 236, 238 (4th Cir.1987)(the "right to a hearing is not absolute. . . . In order to be

entitled to a hearing, the party challenging the summons must allege specific facts. . . ."). In *United States v. DiDomenico*, 78 F.3d 294, 300-301 (7th Cir.1996), the court said:

> In these circumstances we cannot say that the judge abused her discretion in declining to order an evidentiary hearing. A critical consideration is the government's affidavits. Although evidentiary hearings in criminal cases are not governed by the Federal Rules of Civil Procedure, the provisions of those rules relating to summary judgment are applicable by analogy. [citations omitted]. In opposing the evidentiary hearing sought by the defendants the government was in a position analogous to that of a movant for summary judgment who argues that no genuine issue of material fact exists and therefore that summary judgment should be granted. A fundamental principle of summary judgment that we think ought to be applied in cases such as this in which the issue is whether to hold an evidentiary hearing is that if the proponent supports his motion with affidavits, the opponent must counter the motion with his own affidavits (or equivalent materials, which is to say materials having the quality of evidence.).

*Id.*, at 300-301 (Parenthesis in original).

In short, a district court need conduct a hearing only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion. *See e.g., United States v. Villegas*, 388 F.3d 317, 324 (7th Cir.2004); *United States v. Martin*, 422 F.3d 597, 602-03 (7th Cir.2005), *cert. denied*, 546 U.S. 1156 (2006).

In the instant case, there is nothing beyond the unsupported statement in the motion that the court ordered the City to do certain things on August 9 and it did not do so. While the claim of non-compliance may be enough to require a hearing, there must be more than the party's allegation about the content of the order allegedly breached. Unsupported statements in briefs do not count. *See United States ex rel. Feingold v. AdminiStar Federal, Inc.*, 324 F.3d 492, 494 (7th Cir. 2003); *IFC Credit Corp v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir. 2006).

6

*Compare, In re Payne*, 431 F.3d 1055, 1066 (7th Cir.2005)(same as to statements in oral argument). Thus, to the extent that Mr. Sommerfield's motion seeks issuance of a rule to show cause (i.e., to have a hearing), it is denied.

**B.**

However, the motion may properly be viewed as a motion for contempt since it asked for a finding of contempt and a miscellany of significant sanctions, the City has responded, and the matter has been fully briefed by both sides. Thus, it is as though the rule to show cause had been granted.. Viewed from this vantage point, the question is whether Mr. Sommerfield has proven that the City violated the August 9th order by clear and convincing evidence. To that issue we now turn.

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). To be held in civil contempt, a person must have violated an order or decree *that sets forth in specific detail an unequivocal command. Id.* at 699. The party asserting a violation of a judicial order has the burden of proof. It is not necessary to a finding of contempt that a violation was "willful." It is enough that a party "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995).

While we proceed on the premise that the appropriate burden of proof is clear and convincing evidence – as *Maynard*, 332 F.3d at 469 held [4] and as did *Prima Tek II, LLC v. Klerk's Plastic Industries, B.V.*, _F.3d_, 2008 WL 1930933 (7th Cir. 2008) on May 5, 2008 – rather than the lesser

---

[4] *See National Spiritual Assembly Of The Baha'is Of U.S., Inc.*, 2008 WL 1839078, *4 (N.D.Ill.2008)(St. Eve, J.)(not mentioning the *dubitante* opinion in *Soo Line* and applying the "clear and convincing" standard).

7

standard six judges have intimated might apply, *see Soo Line R.R. Corp.*, 500 F.3d at 564 and *Ty, Inc.*, 517 F.3d at 498, the result would be the same under the preponderance standard, for Mr. Sommerfield's motion has not shown either by clear and convincing evidence or by a preponderance that there has been non-compliance with the August 9th order. [5]

The only proof of the order the City is said to have violated are the motion's unsupported allegations and Mr. Sommerfield's counsel's post-hearing letter to his counterpart at the City stating his view of what was ordered on August 9, which is attached as an exhibit and apparently a offered as a substitute for the transcript. (Plaintiff's Motion, Ex. 2). Quite apart from the fact that "[a] man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove," *A.B. Leach & Co. v. Peirson*, 275 U.S. 120, 128 (1927) (Holmes, J.), the question is not what one or even both of the parties thought I had instructed the City to do during the three-hour plus hearing, but what the City was in fact ordered to do. "Memory often plays tricks...." *Jarad v. Gonzales*, 461 F.3d 867, 870 (7th Cir.2006). It is selective as well as fallible, *Kadia v. Gonzales*, 501 F.3d 817, 822 (7th Cir.2007), and subject to shaping by self-interest. *Jarad v. Gonzales*, 461 F.3d 867, 870 (7th Cir.2006);*Wilson Arlington Co. v. Prudential Ins. Co. of America*, 912 F.2d 366, 372 (9th Cir.1990); *NLRB v. Southern Transport, Inc.*, 355 F.2d 978, 986 (8th Cir.1966).

Requiring an available transcript–which Mr. Sommerfield has twice chosen not to attach to his motions-- avoids these palpable risks, as well as those of misperception or impaired cognition

---

[5] What Learned Hand said in *United States v. Rabinowitz*, 176 F.2d 732, 736 (2nd Cir. 1949), *rev'd on other grounds*, 339 U.S. 56 (1950), applies to any thought of according precedential value to *Soo Line* or to *Ty*: "But, even so, we have not been oversuccessful in attempting 'to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant.' and I think it would be the part of wisdom to desist here...." See *The National Spiritual Assembly Of The Baha'is Of U.S. Under The Hereditary Guardianship, Inc. v.*

8

on the part of the party on whose recall of the particulars of a three hour plus, highly adversarial encounter hinge a finding of contempt and issue (if not case) determinative sanctions. Without a transcript, Mr. Summerfield cannot prove by clear and convincing evidence that the City has breached an order or decree that sets forth in specific detail an unequivocal command

C.

The motion contends that the City has not produced the following items and not answered the following interrogatories although required to do so by the August 9th order:

*Request to Produce #65.* This requests "documents referring, relating to any complaints, formal or informal, against Sergeant Knasiak relating to harassment, discrimination, and retaliation." (*Plaintiff's Motion*, at 3).

*Request to Produce #128.* This requests "documents indicating the name, address, and telephone number of all employees where the plaintiff was an employee." (*Plaintiff's Motion*, at 4).

*Request to Produce #144.* This "requests all documents at the locations where the plaintiff worked of employees being suspended and the reason for their suspension." (*Plaintiff's Motion*, at 4).

*Request to Produce #11.* This requests "all documents supplied or given to the EEOC or the Illinois Department of Human Rights regarding any charge of discrimination, harassment, and retaliation involving Sergeant Knasiak." (*Plaintiff's Motion*, at 4-5).

*Documents Relating to Sergeant Knasiak.* The plaintiff requests all documents since 2000 "relating to Sergeant Knasiak." (*Plaintiff's Motion*, at 5).

*Interrogatory #2.* The plaintiff requests "[a]mongst other information, …the full name, last known business and residential address of every employee employed by the defendant at the locations where the plaintiff was employed since January 2000 (that is, the eighth district)." (*Plaintiff's Motion*, at 5-6).

9

*Interrogatory* #4. Requests "facts relating to the defendant's affirmative defense...the substance of their affirmative defense." (*Plaintiff's Motion*, at 6).

*Interrogatory* #5. Requests "all complaints of discrimination, harassment and retaliation" against Sergeant Knasiak. (*Plaintiff's Motion*, at 8).

*Interrogatory* #10. Requests "all charges of harassment, discrimination and retaliation," which was limited by the court to such charges against Sergeant Knasiak. (*Plaintiff's Motion*, at 9).

*Interrogatory* #12. Requests a "factual basis for each of the defendant's affirmative defenses." (*Plaintiff's Motion*, at 9).

*Interrogatory* #25. Requests "information regarding the defendant's statements of persons having information or knowledge relating to this case." The plaintiff also requests privilege logs if the defendant claims this material is protected by attorney-client or work-product privilege. (*Plaintiff's Motion*, at 10-11).

The City could have relied on the absence of a transcript of the August 9th proceeding to defeat Mr. Sommerfield's motion. It chose, however, to file excerpts of the transcript, which it contends prove that it has sufficiently responded to the requests. These excerpts do show the City has complied with several of the orders and that Mr. Sommerfield is seeking information the court specifically denied him and which Judge Filip has already ruled on in refusing to overturn the August 9th order.

The Request to Produce #65, Interrogatory #5, and Interrogatory #10 are seeking the same information: all complaints or charges of discrimination, harassment, and retaliation. (*Plaintiff's Motion*, at 3, 8, 9). Similarly, Mr. Sommerfield requests all documents "relating to Sergeant Knasiak" from 2000 until the present. While the City has produced documents in response to these

10

requests, Mr. Sommerfield is unsatisfied as they are limited to complaints/charges of discrimination, harassment, and retaliation involving religion and national origin only. But that is all the City was obligated to produce, as the partial transcript of the August 9th hearing (provided by the City) shows: "...so that we're clear, the City is instructed...to provide you with all documents that refer, reflect or relate to any complaints in the last seven years from 2000 to the present, from the date of the allegations in your complaint...any allegation in whatever form made and by whomever of harassment, retaliation,...[o]r discrimination *based upon national origin or...religion* against Sergeant Knasiak." Transcript of Proceedings at 113-14. I refused to expand the order. *Id.*

In his appeal to Judge Filip, Mr. Sommerfield objected to the August 9th rulings on the following topical areas: 1) interrogatories related to those accused of similar charges as the plaintiff and whether they were suspended or not; 2) clams by others; 3) documents relating to charges initiated by other employees against the discriminating sergeant; 4) documents relating to the discriminating sergeant and others or the plaintiff; 5) documents of the decision-makers relating whether to discipline the discriminating sergeant; 6) identifying decision-makers to suspend the plaintiff. *See* Plaintiff's Motion To Review 8/9/07 Order Of Magistrate Judge. [Dkt. No. 70].

As the motion to review noted, the August 9th ruling granted the plaintiff relief in one or more of these areas. The objection was to the order's refusal to grant everything that had been sought in the voluminous discovery requests. Judge Filip refused to overrule the August 9th rulings. It would appear that the specifics in the current motion to hold the City in contempt and for a finding of liability against the City and the striking of its Sixth Affirmative Defense, were part of the topical or generic objections to the August 9th order. The motion admits the City has turned over complaints and charges against Sergeant Knasiak for harassment, retaliation, or discrimination based

11

on national origin or race. (*Plaintiff's Motion*, at 3). That was what was ordered and compliance with a court order is the antithesis of contempt.

Additionally, the motion demands all "documents at the location where the plaintiff worked of employees being suspended and the reason for the suspension." (*Plaintiff's Motion*, at 4). This request was denied on August 9th except for those that pertained to Knasiak. Judge Filip has already ruled on Mr. Sommerfield's appeal of the August 9th order and that is the end of the matter. As for the rest of Mr. Sommerfield's requests for information in response to interrogatories and requests to produce, the partial transcript provided by the City does not indicate whether Mr. Sommerfield was entitled to receive those documents. But it is not the City's burden to prove Mr. Sommerfield's lack of entitlement to the relief he seeks.

### D.

Finally, Mr. Sommerfield's motion requests that the City's sixth affirmative defense be stricken since the City has not explained the basis for that defense in violation of the August 9th order. The Sixth Affirmative Defense stated:

> If plaintiff were subject to hostile environment under applicable law, defendant is not liable because defendant is entitled to, and will prove, the affirmative defense set out in *Burlington Industries, Inc. vs. Ellerth*, 524 U.S. 742 (1998), and *Faragher vs. City of Boca Raton*, 524 U.S. 775 (1998).

(*Plaintiff's Motion*, at 6). [6]

---

[6] In *Burlington Industries*, the Court said:
> When no tangible employment action is taken, a defending employer *may raise an affirmative defense* to liability or damages...[such] defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any...harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by
(continued...)

12

Interrogatories. 4 and 12 requested facts related to the s *Ellerth/Faragher* defense.(*Motion at 6*). While the motion chides the City for "fail[ing] to provide any facts whatsoever to their affirmative defenses" when "case law" requires some facts be included in the affirmative defenses, it does not provide this "case law." The City has said that its *Ellerth/Faragher* defense will be based on the plaintiff's failure to have availed himself of procedures that the City has put in place to deal with the kind of discrimination claims involved in this case. The City's supplemental response to Interrogatory No. 12 provides factual information about Mr. Sommerfield's complaints against Sergeant Knasiak. The City has thus provided sufficient information to put Mr. Sommerfield on notice of both the "factual and legal elements that form the basis" of its affirmative defense. *Rudzinksi v. Metro. Life Ins. Co*, WL 2973830, * 2 (N.D. Ill. 2007).

The plaintiff's Motion To Compel The City To Answer Plaintiff's Interrogatories And Strike Improper Objections And [sic] Waived reflected an awareness of the contours of the defense. It stated that the *Faragher/Ellerth* defense has two aspects: First, whether the defendant had a policy and procedure to resolve and handle discrimination complaints and second, how the plaintiff attempted to seek assistance by complaining about the discrimination. (Docket Nos. 52, 59, at p. 8). Mr. Sommerfield was aware that the City intended to defend on the grounds that he did not take advantage of written policies that were in place – policies which the plaintiff has conceded were provided to him in discovery. (*See* Docket No. 52, 59 at 8).

The current motion as it pertains to the requests for facts relating to the defense has already been decided. Disappointed litigants do not have the right repeatedly to present the same issues to

---

[6](...continued)
  the employer or to avoid harm otherwise. 524 U.S. at 765 (Emphasis supplied ).

13

the detriment of other litigants who are waiting in the endless queue of cases for the limited time of judges. *Cf., Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998);*Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991). The only case cited in the motion, *Cummings v. Standard Register Co.*, 265 F.3d 56 (1st Cir. 2001), does not support the contention that the sixth affirmative defense was improperly pled, that the City was obligated to further explain the affirmative defenses in response to the interrogatories and that the affirmative defenses should be stricken as a sanction for the City's violation of the August 9th order. In *Cummings*, the defendant raised as part of its defense its national corporate practices of non-discrimination, thereby making evidence challenging those claims especially relevant. *Id.* at 64. The case did not deal with pleading of affirmative defenses, but with the highly discretionary decision of whether to admit evidence during trial. .

If, however, the defense is something other than Mr. Sommerfield's mere failure to have complained about the discrimination and retaliation alleged in the complaint, the City must inform Mr. Sommerfield of the additional aspects of that defense. And if there are facts involved in the defense beyond Mr. Sommerfield's inaction, the City must explain in response to Interrogatory Nos. 4 and 44 what those facts are. Accordingly, the City should, *if necessary*, supplement its answers to explain its *Ellerth/Faragher* defense and it should do so within 14 days.

Finally, the motion contends that Mr. Sommerfield cannot tell whether information is being withheld on the basis of attorney/client privilege and that the City has refused to provide a privilege log. If documents are being withheld on the basis of attorney/client privilege, Rule 26(b)(5), Federal Rules of Civil Procedure, demands that a claim of privilege be supported by an appropriate log.

Accordingly, to the extent that the City is withholding documents based upon a claim of privilege, it must produce a log *that satisfies Rule 26(b)(5)* within 14 days.

### E.

Even if it were to be assumed that there had been some noncompliance with the August 9th order, it would not follow that one or more of the affirmative defenses should be stricken or that there should be entry of a finding of liability against the City. A sanction must be proportional to the claimed violation. *See. Soo Line R.R. Corp.*, 500 F.3d at 564; *Rice v. City of Chicago*, 333 F.3d 780 (7th Cir. 2003); *Salgado by Salgado*, 150 F.3d at 740-42; *In re Golant*, 239 F.3d 931, 937 (7th Cir.2001). Phrased differently, "the permissible level of sanctions for misconduct in litigation, except when prescribed by statute or rule, is, even when there is no heightened burden of proof, limited by notions of proportionality." *Ty Inc.*, 517 F.3d at 499. Granting Mr. Sommerfield's motion would effectively deprive the City of a merits-based disposition of the case. That "is serious business" only to be resorted to in the rare or unusual case. *Salgado by Salgado*, 150 F.3d 735 at 739. " In the normal course of events, justice is dispensed by the hearing of cases on their merits," *id; accord Musser v. Gentiva Health Services*, 356 F.3d 751, 759-760 (7th Cir.2004) and the imposition of lesser sanctions in the form of fees and or fines. *Soo Line R.R. Corp,.* 500 F.3d at 564; *Kashlan v. TCBY Systems, LLC* , 2007 WL 3309123, 4 (E.D.Ark.2007); *More v. Best of North Chicago, Inc.*, 1989 WL 56860, 2 (N.D.Ill.1989)(Grady, C.J.).

Mr. Sommerfield's motion does not speak to these principles. Indeed, the motion makes no

mention of Rule 37 or any other rule of Federal Civil Procedure,[7] nor does it attempt to analyze what a party seeking sanctions for noncompliance with a court order must show.[8] *See* discussion *supra* at 3. The Seventh Circuit has consistently held that the failure to properly develop an argument with citation to relevant legal authority and to the record constitutes a forfeiture of the argument. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir.2005). "[E]ven pro se litigants must include legal argument and cite supporting authority in their briefs." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam).[9] Hence, the argument for the imposition of the sanctions specified in the motion is forfeited.

## CONCLUSION

Viewing Plaintiff's Motion For Rule To Show Cause Why Defendant Should Not Be Held In Contempt For Violating Court Order [110] as merely a motion for a rule to show cause, it is denied. Since this not a consent case, I cannot hold the City in contempt even if I thought it

---

[7] In his ruling on the appeal from the August 9th order, Judge Filip also noted that "[t]he motion is written without regard to the applicable standard of review" and without mentioning Rule 72(a) of the Federal Rules of Civil Procedure, which governs appeals of Magistrate Judges' decisions." (*Response*, Ex. D at 1).

[8] There is no reliance on the court's inherent power to punish misconduct, nor could there be since it is "a residual authority, to be exercised sparingly...and [only when] not adequately dealt with by other rules, most pertinently here Rules 11 and 37 of the Federal Rules of Civil Procedure...." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.*, 313 F.3d 385,391 (7th Cir.2002), *cert. denied*, 540 U.S.1068 (2003).

[9] *Accord R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!*, 462 F.3d 690,701(7th Cir.2006) ("The arguments are undeveloped (not a single case is cited...) and forfeited.")(parenthesis in original); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n. 1 (7th Cir.2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).")(parenthesis in original); *Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir.2005) ( "It is not our job to do the legal research that Bretford has omitted."); *United States v. Amerson*, 185 F.3d 676, 689 (7th Cir.1999) ("Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.").

otherwise appropriate. *See* discussion in *F.T.C. v. Cleverlink Trading Ltd.*, 2006 WL 3106448 at *14-15 (N.D.Ill. 2006); Jeffrey Cole, *Magistrate Judge Practice* at §§10.29--10.37, in Federal Civil Practice (Illinois Institute for Continuing Legal Education (2006)). Thus, to the extent that the motion actually seeks a contempt finding, those portions of the opinion that find unsupportable the plaintiff's request that the City be held in contempt and for sanctions should be considered a Report and Recommendation subject to the rule that requires that any appeal be filed with the Clerk of the Court within 10 days or any objection thereto is waived. Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(C); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir.1995).

The City's brief suggests that the current motion is an attempt to have another go at the issues that have twice been decided. If the City is right--and to an extent it is--the endeavor is impermissible and is barred by the law of the case doctrine. The presumption against revisiting matters already decided is demanded by what Holmes liked to call "the shortness of life." Reflecting as it does interests in consistency, finality, and the husbanding of judicial resources, among others, the doctrine applies even when a case is reassigned from one judge to another. In that context, the law of the case doctrine reflects the "'rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). *Accord Crews & Associates, Inc. v. United States*, 458 F.3d 674, 677 (7th Cir. 2006).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE:5/12/2008