```
                UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS (Chicago)


DETLEF SOMMERFIELD,            )
                               )
            Plaintiff,         )
                               )   Docket No. 06-CV-3132
      v.                       )
                               )
CITY OF CHICAGO,               )   Chicago, Illinois
                               )   May 20, 2008
            Defendant.         )



      HEARING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
                        BEFORE THE
          HONORABLE MAGISTRATE JUDGE JEFFREY COLE


APPEARANCES:

For Plaintiff:           JOSEPH A. LONGO
                         Attorney at Law
                         2100 West Haven
                         Mt. Prospect, IL  60056


For Defendant:           MEERA WERTH
                         CITY OF CHICAGO, LAW DEPARTMENT
                         30 North LaSalle Street
                         Suite 1020
                         Chicago, IL  60602


      PLEASE PROVIDE CORRECT VOICE IDENTIFICATION

Transcribed by:          Riki Schatell
                         6033 North Sheridan Road, 28-K
                         Chicago, Illinois  60660
                         773/728-7281

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
 1              THE CLERK:   06-C-3132, Sommerfield vs. the City of
 2   Chicago.
 3              MR. LONGO:    Your Honor, good morning.
 4              THE COURT:   Good morning, Mr. Longo.
 5              MR. LONGO:    I see you have a new lamp.
 6              THE COURT:   Actually not.
 7              MR. LONGO:    No?  Was it here before?
 8              THE COURT:   Yes.
 9              MR. LONGO:    Wasn't turned on, though.
10              THE COURT:   It's always on.  Very symbolic.
11              MR. LONGO:    Really?
12              MS. WERTH:   Your Honor, we're here on the City's
13   Motion for Protective Order to quash --
14              THE COURT:   698 --
15              MS. WERTH:   (Inaudible, multiple voices) --
16              THE COURT:   -- (inaudible) plus its many, many
17   subparts requests to admit.
18              MS. WERTH:   Correct.
19              THE COURT:   What do you say, Mr. Longo?
20              MR. LONGO:    Your Honor, the defendant bears the
21   burden.
22              THE COURT:   I think they filed a very comprehensive
23    -- I'm not saying they're right, but it's a first-rate piece
24   of work in terms of the kind of quality of things that I
25   normally get.  They've met whatever burden they need to meet at
```

1  making out a credible case that this is pretty oppressive.
2          MR. LONGO:  Well, your Honor --
3          THE COURT:  I mean I've seen a lot of requests to
4  admit.  I never saw anybody file 698 plus subparts.  You're
5  probably close to --
6          MS. WERTH:  A thousand.
7          THE COURT:  -- close to a thousand.  Maybe not.
8  Maybe 800.
9          MR. LONGO:  Well, your Honor, there's -- (inaudible,
10 multiple voices) --
11         THE COURT:  That's pretty heavy.  Judge Racoff, a
12 sitting judge in the Southern District of New York, in a case
13 involving 492, found it curious that the plaintiffs had not
14 moved -- or that the opposing party had not moved to do
15 something about it because he said he would have stricken them
16 and then went on to talk about how whatever answers were given
17 were satisfactory.  I mean here's what I think you should do.
18 I'm not going to have oral argument where we're going to take
19 another three hours of time like we've done several times.
20 You've got the burden, it seems.  Not the burden.  You want to
21 file a response?  I'll let you file a response.  If you don't
22 want to I'll deal with it on the papers as they exist.  If you
23 want to file a response you're going to go through every one of
24 these, Mr. Longo, and you're going to demonstrate why it's
25 proper.

```
 1              MR. LONGO:  And what is the alternative?
 2              THE COURT:  Not to file anything and we'll see if --
 3   I mean you can stand on the position that they haven't made out
 4   a case against you.  You don't have to do anything.  I'm giving
 5   you -- I'm asking you how much time you want to respond if you
 6   want to respond.  If you don't want to respond you don't have
 7   to.  But I have to tell you I spent a fair amount of time, not
 8   just in your case but in all cases.  I do my own work.  I can't
 9   find anything even remotely close to what you've done.
10              Judge Racoff's case is the closest and there were
11   only 400 and I think 90 there, maybe less than 490, it was 400.
12              MR. LONGO:  Your Honor, --
13              THE COURT:  But numerosity isn't the function only of
14   the number, I concede that.  But I have to tell you I mean I've
15   read these.  I went through every one of these.  There's a few,
16   there's no question there's a few that could and should have
17   been answered but it isn't my task to pick out the ones that
18   work and the ones that don't.  And most -- I think -- And I
19   have a problem with them, but I want to hear what you have to
20   say.  All I'm telling you is if you want to brief this, you're
21   going to brief it, you're going to go through every one of them
22   if you want to persuade me.  If you don't, you don't have to.
23   I'll leave it to you --
24              MS. WERTH:  Your Honor, just a reminder that
25   discovery is closed in this case.
```

5

1           THE COURT: I know but this isn't a discovery device.
2           MS. WERTH: Right. I understand.
3           THE COURT: Otherwise I would strike these because
4 they came too late. Requests to admit fall outside, by
5 definition, in fact the cases you cite say that. So if that's
6 accurate, and it is, you can file requests to admit at any time
7 and he's done that.
8           MS. WERTH: Absolutely, your Honor.
9           THE COURT: Okay.
10          MS. WERTH: I do not disagree with that.
11          THE COURT: Fine.
12          MS. WERTH: My -- I did --
13          MR. LONGO: Actually, your -- I'm sorry.
14          MS. WERTH: I did have another request of the Court,
15 your Honor. I --
16          THE COURT: Well, let's take up -- Let's finish one
17 at a time. Let's do one thing at a time.
18          MS. WERTH: It's related to your offering Mr. Longo
19 the option of filing a brief. I'm going to be out of the
20 country for a happy reason.
21          THE COURT: Good.
22          MS. WERTH: From June 16th through June 30th, and I
23 would request that during that time that no motions or hearings
24 be noticed up in the (inaudible) the City be required to file
25 anything.

```
 1             THE COURT:  That's fine, so you'll take (inaudible)
 2   because she's not going to be here is what she's saying.  And
 3   discovery is closed so there's no urgency to anything.  So you
 4   tell me, Mr. Longo, how you want to handle this.  Or what you
 5   can do is you can review these and you can narrow them to some
 6   reasonable and manageable number.
 7             MS. WERTH:  Your Honor, I suggest -- I mean there
 8   were, as you noted, a handful that seemed appropriate and --
 9             THE COURT:  You guys have had two Rule 37 conferences
10   and have gotten nowhere, which I think is -- I don't understand
11   how, in the context of this, Mr. Longo, there is no flexibility
12   on your part.  It's okay.
13             MR. LONGO:  Well, I'm not sure what you --
14             MS. WERTH:  Your Honor, --
15             MR. LONGO:  -- mean by there's no flexibility.  I'd
16   ask you to tell me --
17             THE COURT:  Well, you had a Rule 37 conference in the
18   698 and you didn't want to yield on one.
19             MR. LONGO:  No, that's not true.  I asked --
20             THE COURT:  Mr. Longo, tell me what you want to do.
21   I've got other folks waiting here.  We're not going to do this
22   anymore.  Do you want to file a brief or do you want to stand
23   on the papers?  Or do you want to stand on what you perceive to
24   be the inadequacy of Ms. Werth's -- thanks, (inaudible) -- Ms.
25   Werth's motion?  It's your -- They're your requests and I'll do
```

```
 1   whatever you want to do.  You're the boss.
 2              MR. LONGO:  Well, your Honor, I will go back and see
 3   what I can do as far as -- (inaudible, multiple voices).
 4              THE COURT:  Do you want to have another Rule 37
 5   conference?
 6              MR. LONGO:  I -- If your Honor --
 7              MS. WERTH:  Your Honor, that has proved entirely
 8   fruitless, but if you so desire we can.  In fact, as to my
 9   objection that many of the requests in Mr. Longo's requests to
10   admit were hypothetical statements, Mr. Longo's --
11              THE COURT:  I read them, Ms. Werth.  You don't have
12   to repeat to me what you said in the brief.  I read the brief
13   and I read every one of the 698 with its many, many, many
14   subparts.
15              MS. WERTH:  And my --
16              THE COURT:  And I think some were okay, easily okay,
17   and others are more dubious.  But here, let me read you what
18   Judge -- And this is just one of a number of cases.
19        "First, the defendant's application to compel further
20         responses from plaintiff to many of defendant's more than
21         400" --
22   I'm sorry, I don't know what the real number is.
23   -- "more than 400 requests to admit is denied.  Plaintiff
24         indeed might have moved to strike the requests not only as
25         unduly burdensome but also as disguised and improper
```

```
 1        interrogatories and requests for documents for virtually
 2        every request includes the directive:  If your response to
 3        this request is other than unqualified admission, state
 4        the basis for such response including, but not limited to,
 5        identifying the persons who made the disclosure, to whom
 6        the disclosure was made and all documents concerning such
 7        disclosure."
 8             And it goes on.  The name of the case is J.P. Morgan-
 9   Chase.  I'll give you the shorthand citation:  J.P. Morgan-
10   Chase v. Liberty Mutual, 2002 Westlaw 31159139.  It's the
11   Southern District of New York 2002.
12             MS. WERTH:  I have (inaudible) of the cases from this
13   District that are -- (inaudible, multiple voices).
14             THE COURT:  Ms. Werth, I read the motion.  What are
15   you telling me?  What's the point?  Not one of the cases that
16   you cite comes close to Judge Racoff's case, not one.  Yours
17   have just a hundred, or 150, or 200.  This is more than 400.
18   That was the point of my calling Mr. Longo's attention and your
19   attention to the case.  You told me what you --
20             MS. WERTH:  I -- (inaudible, multiple voices) --
21             THE COURT:  Tell me what you want to do, Mr. Longo.
22             MR. LONGO:  Your Honor, I'll take your suggestion and
23   go back and see what I can do about reducing the number.  I
24   would like some direction, if I may.
25             THE COURT:  It's your case.  You're a very
```

```
 1  experienced lawyer.  I do not give advisory opinions.  I
 2  stopped being a lawyer when I became a judge.  Now you decide.
 3   You know what the Rules are.  Mr. Longo, when you want to,
 4  your briefs are replete with cases.  When you choose not to
 5  your briefs are barren of any authority at all.  You know
 6  exactly what's appropriate and what's not.  You don't need my
 7  advice about anything.  You're a very skilled lawyer.
 8          MR. LONGO:  Well, I appreciate that, but I want to
 9  make sure I don't --
10          THE COURT:  But I think this is abusive and I don't
11  mean that in a pejorative sense, I mean abusive in the sense
12  that the Rules talk about.
13          MR. LONGO:  All right.
14          THE COURT:  I mean it's incredibly burdensome.
15          MR. LONGO:  I will go back --
16          THE COURT:  I'm going to grant the motion with -- and
17  yet at the same time grant you leave to re-file the requests to
18  admit, so it's not with prejudice to your re-filing and re-
19  serving requests to admit.  And do it in one thing.  You've got
20  like multiple requests to admit here, different sets.  I don't
21  know why you did that.  Was that to sort of --
22          MR. LONGO:  (Inaudible) at different times.
23          THE COURT:  Well, I know but they become aggregate
24  and they're all different.  It's not as though you re-filed to
25  get the same information you weren't getting.  In other words
```

```
 1  there's almost like a currency transaction structuring quality
 2  to the requests, you know, the guy goes into the bank and he
 3  deposits $9,000 and he goes a little bit later and he deposits
 4  $3,000 and a little later $6,200, all designed to avoid the
 5  $10,000 reporting requirement.
 6            MR. LONGO:  Um-hum.
 7            THE COURT:  No, I don't mean it in a -- I sort of
 8  thought it was -- I thought it was pretty clever actually.  But
 9  it's -- There's just so many.  It's 60 -- how many pages?  69
10  or 70?  I marveled at this.  And Ms. Werth was good enough to
11  put (inaudible) numbers on.  It's 66 pages of single-spaced
12  requests to admit.  So I mean I think it's just a little too
13  much.  I'm going to grant the motion, which is -- I'm not sure
14  what the motion is, and give Mr. Longo leave within -- When are
15  you leaving, Ms. Werth?
16            MS. WERTH:  Your Honor, I leave on the --
17            MR. LONGO:  June 13th?
18            MS. WERTH:  -- June 16th and --
19            THE COURT:  Okay, so you have till June 16th to re-
20  file.  When you come back, there's no -- You don't have to
21  answer -- Here, let me do this.  Requests to admit, either a
22  response or some sort of motion will be due two weeks after you
23  come back.
24            MS. WERTH:  Thank you, your Honor.
25            MR. LONGO:  Your Honor, since she's going to be away
```

1    may I suggest we have until the day she comes back?
2            THE COURT:  Sure.
3            MR. LONGO:  Since she's going to be away anyway --
4            THE COURT:  Absolutely.
5            MR. LONGO:  -- there's no point.
6            THE COURT:  So April the 16th.
7            MS. WERTH:  So -- (inaudible, multiple voices) --
8            MR. LONGO:  No, I mean when she comes back.  So I'm
9    saying we file ours by the day she comes back because --
10   (inaudible, multiple voices).
11           THE COURT:  That's what I'm saying.  She's coming
12   back on the 16th.
13           MR. LONGO:  I thought she was leaving on the 16th.
14           MS. WERTH:  I'm leaving on the 16th of June.
15           THE COURT:  Oh, I'm sorry.
16           MS. WERTH:  And I'm coming back on -- I'll be back in
17   the office on June 30th, my first day.
18           THE COURT:  Fine, so you file your requests to admit,
19   your new requests to admit on June 30th.  Let me just give --
20   Do you want my advice?  I'll give you my advice.  Free advice
21   because that's all it's worth.  This is -- In every motion that
22   you have filed you have set forth for me what the facts of this
23   case are.  And if they're true, they're deplorable.
24           MR. LONGO:  Okay.
25           THE COURT:  Ms. Werth would concede, if they're true,

```
 1   they are -- Maybe there's a case, maybe there's not.  They're
 2   certainly offensive.  They're especially offensive to me but
 3   that's got nothing --
 4             MR. LONGO:  They're especially offensive to me as
 5   well.
 6             THE COURT:  Okay.  The point is it's a simple
 7   case --
 8             MR. LONGO:  I wouldn't be working so hard on the case
 9   if I didn't think it was deplorable.
10             THE COURT:  It's a simple -- No, I think you work
11   this hard in all your cases, Mr. Longo.  It's a simple case
12   factually.  It doesn't require 67 pages.
13             MR. LONGO:  It's not a simple one; the defendants
14   have an affirmative defenses.
15             THE COURT:  It's a simple case.  Did Ms. Werth give
16   you the affirmative defense that she (inaudible)?
17             MR. LONGO:  No.
18             THE COURT:  Well, that means then that there's no
19   more than what she's told you.
20             MR. LONGO:  No, you gave her 14 days.
21             MS. WERTH:  Your Honor, --
22             MR. LONGO:  So I don't think --
23             MS. WERTH:  Your Honor, the -- (inaudible, multiple
24   voices) --
25             MR. LONGO:  -- the 14 days has expired yet.
```

```
 1              THE COURT:  None of the things that you've got -- I
 2   shouldn't say none.  The overwhelming bulk of the things you
 3   have in there are related to things that you think are
 4   significant and that I don't think are significant.  But I'm
 5   not the lawyer.  All I'm telling you is this isn't a 10-year
 6   antitrust case.  It's not a complicated patent case.  It is a
 7   straightforward discrimination case.  Either he said the things
 8   he said or he didn't say what he said.  He either made
 9   complaints pursuant to the policy that we all agree exists or
10   he didn't.  They either ignored him or they didn't.  And I
11   don't think what you've done is particularly conducive to
12   getting this -- streamlining this case for trial which is what
13   the requests to admit, post-discovery, are all about.  And
14   that's all they're about.
15              MR. LONGO:  Well, your Honor, it's more complicated.
16              THE COURT:  Mr. Longo --
17              MR. LONGO:  Okay.
18              THE COURT:  -- take a look.  There's people waiting
19   here.  I'm not going to listen to this.  The motion is denied
20   -- I mean granted.  I'm giving you a chance --
21              MR. LONGO:  All right.
22              THE COURT:  -- a lot of other people wouldn't give
23   you.
24              MR. LONGO:  Okay.
25              THE COURT:  And that's to do it again.
```

14

1  MR. LONGO: Your Honor, I just have a question. In
2  the sense that if we put down, for example, we could have put
3  down a request indicating sergeants in the Eighth District on
4  the Third Watch.
5  THE COURT: Yes, let me give you an example. You say
6  sergeants supervise policemen. I frankly didn't think that was
7  a problem although that's one that they chose to put in. Ms.
8  Werth puts that in, or whoever wrote this puts this in at the
9  end, and says see -- I frankly thought that was one that could
10 be answered. If you want to know something, why don't you say
11 did Sergeant Knasiak --
12 MS. WERTH: Knasiak.
13 THE COURT: -- did Sergeant Knasiak supervise Mr.
14 Sommerfield? That's a straightforward question that gets
15 answered and if it doesn't they get sanctioned. How's that?
16 But it looks like you really don't want straightforward
17 answers. Anybody reading this comes away with the idea of it's
18 all so circuitous and labyrinthine. What are you really trying
19 to do? It looks like tricks. The idea of these things is to
20 get simple, straightforward, uncontested facts admitted so you
21 don't have to go through the process at a trial. I honestly
22 don't think that's what -- I don't know what was in your head,
23 but I don't think these six -- these almost a thousand requests
24 to admit do.
25 All I'm suggesting is you go back and get the things

```
 1   that really count.
 2           MR. LONGO:  I'll give another try.
 3           THE COURT:  Okay.  All right.  Thank you very much
 4   for coming in.
 5           MS. WERTH:  Thank you, your Honor.
 6           THE COURT:  Have a wonderful trip.  Are you going
 7   home?
 8           MS. WERTH:  I'm going to visit my son at Oxford, your
 9   Honor.
10           THE COURT:  Oh, that's better.  What could be better
11   than that?  Oh, that's so nice.  Well, have a wonderful time,
12   Ms. Werth.
13           MS. WERTH:  Thank you.
14           THE COURT:  And you have a wonderful time preparing
15   your new requests to admit, Mr. Longo.
16           MR. LONGO:  And have a good Memorial Day weekend.
17           THE COURT:  Thank you, thank you, and I'll see you
18   all when you get back.  Oh, let's set another date for this.
19           No, I don't need to set another date.  I'm sure I'll
20   see you all again.
21           MS. WERTH:  I'm sure you're only too thrilled with
22   that prospect.
23           THE COURT:  Well, I -- There was a certain interest,
24   I must say, to reading the -- some of the requests to admit.
25           MR. LONGO:  Interest in what sense?
```

1     THE COURT:  They're interesting.
2              (Hearing adjourned.)


   I, RIKI SCHATELL, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Riki Schatell                    <u>June 24, 2008</u>
                                     Date