IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | No. 06 C 3132 |
| Plaintiff, | ) | |
| | ) | Judge Gottschall |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 30, 2008, Mr. Sommerfield sent to the City of Chicago 177 requests to admit. With subparts, the City estimates there are 234 separate requests. The City contends that the requests to admit are collectively excessive in number and individually are abusive, confusing, vague, ambiguous, hypothetical, and/or based on deposition testimony and thus need not be answered. It has moved to "quash" all 234. On July 17, 2008, I held a hearing that lasted at least 2 ½ hours and considered the requests one-by-one.[1] What became apparent from the extended colloquy was that the City's intransigent position that not a single one of the 234 requests could or should be answered was untenable. While a number of the City's objections were well taken, many were not. This inflexibility may perhaps have been a reflex to the 698 numbered requests to admit, many with multiple subparts, that plaintiff had previously served on the City and which I found burdensome and excused the City from answering.[2] I gave the plaintiff leave to file new requests, which he did and

---

[1] There have been a number of other lengthy hearings, most of which have lasted 3 hours.

[2] In *Loras v. Moore*, 2007 WL 735772 (D.Conn. 2007), the plaintiff served 710 requests to admit. When the defendants objected, the plaintiffs apparently abandoned the enterprise. In *Sequoia Corp. v. Gelmin*, 1993 WL 350029 (S.D.N.Y. 1993), the district court denied a request for a protective order relieving them of the obligation to respond to approximately 90 percent of the plaintiff's 1,441 separate requests.

which precipitated the present motion for protective order.

The City has cited a number of cases in its brief to support its objections. In the main, they recite the general principles applicable to requests to admit and with which, in the abstract, there can be no quarrel. Of course the core principle is that the requests for admission must be simple, direct and concise so they may be admitted or denied with little or no explanation or qualification. *United Coal v. Powell Construction*, 839 F.2d 958, 967-68 (3rd Cir. 1988). Their purpose is to allow the parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *JZ Buckingham Investments LLC v. United States*, 77 Fed.Cl. 37 (2007); *Vons Companies, Inc. v. United States*, 51 Fed.Cl. 1 at *13 (2001)(discussing the Committee Notes to Rule 36). Requests to admit may not be used to establish legal conclusions. 7 Moore's Federal Practice, §36.10[8] (3rd ed. 2006).

But general propositions do not decide concrete cases, as Holmes was fond of saying. *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). They suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract." *Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part). *See also IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606, 611 (7th Cir. 2006)(Posner, J.)("...one must always be wary about generalities in judicial opinions....").[3] More importantly, requests for protective orders uniquely fall

---

[3] Another principle properly recited in the City's motion is requests to admit should not be excessive in number. The difficulty is that Rule 36 does not place a specific limit on the number of requests to admit a party may make in a single application. If it did, we would have a *per se* rule rather than a discretionary choice. In this case, the number is not excessive, although many of the requests fail for other reasons.

2

within the extraordinarily broad range of discretion invested in judges by the Federal Rules of Civil Procedure. *Cf. Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006); Rules 26 (c) and 36, Federal Rules of Civil Procedure.

But since discretion denotes the absence of a hard and fast rule, *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.), on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996).[4] *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").[5] Consequently, while decisions in other cases involving requests to admit are helpful, they are seldom dispositive.

For example, a number of the requests seek to have the City admit what it contends do nothing more than reaffirm statements made by a number of witnesses during their depositions. The City cites cases that support entry of protective order in this context although other cases come to the opposite conclusion. *See, e.g., Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (S.D.N.Y. 1981). A

---

[4] Both cases involved motions for a new trial based on the government's suppression of the same evidence against different defendants, all of whom were members of the El Rukn street gang. In *Boyd*, the district court found that the suppression mandated a new trial. In *Williams*, the district court on the same record came to the opposite conclusion. Speaking through Chief Judge Posner, both panels unanimously affirmed the seemingly irreconcilable decisions of the district courts as within that spectrum of decision making inherent in the very concept of discretion.

[5] An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *United States v. Harris*, 2008 WL 2600992, 6 (7th Cir.2008); *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir.2001); *Roadway Exp., Inc. v. U.S. Dept. of Labor*, 495 F.3d 477, 484-485 (7th Cir.2007)

3

number of the requests also seek an admission or denial about matters that both sides concede are hotly disputed. There are cases that have declined to compel defendants to go through what is perceived to be a useless exercise. *Vakharia v. Swedish Covenant Hospital*, 1994 WL 75055 at *7 (N.D.Ill. 2004)(Moran, C.J.). But that is not the same thing as saying that the questions are impermissible. Rule 36 specifically provides that a party who considers that a matter about which an admission has been requested presents a genuine issue for trial may not on that ground alone object to the request. The proper response is to deny the matter or set forth the reasons why the party cannot admit or deny. *See* Rule 36(a). A number of the requests are hypothetical in nature and thus are not easily answered. These claimed deficiencies were all discussed during the extended colloquy with counsel.

The objection affecting by far the largest number of requests to admit is that they indirectly seek discovery on the counts that Judge Gottschall recently allowed the plaintiff to add to the complaint, contrary to the plaintiff's assurance that no further discovery would be necessary on those counts. I had initially denied the request to amend the complaint because I thought it would result in a reopening and a significant expansion of discovery. I was told by Mr. Sommerfield's counsel, that concern was unfounded as no additional discovery would be necessary. That assurance was repeated to Judge Gottschall and she reversed my denial of the motion to amend. Her Memorandum Opinion and Order of April 29th could not be clearer: "In light of the imminent close of fact discovery and Sommerfield's representations that he has already conducted all the discovery he needs on the new claims, the court allows Sommerfield to file an amended complaint consistent with this order within 10 days, conditioned on plaintiff's agreement not to propound further fact discovery relating to these claims absent prior permission from the court." (*Id.* at 13-14).

The City now argues that the requests to admit seek indirectly the very discovery that the plaintiff said he would not need. Although it does not quite say so, it is apparently the City's view that if requests to admit are not "discovery" devices–the cases are replete with statements that they are not–*see e.g., J.P. Morgan Chase Bank v. Liberty Mutual Ins. Co.* 2002 WL 31159139 (S.D.N.Y. 2002); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997) [6] – then Mr. Sommerfield's extensive requests that deal with the counts of the amended complaint might not violate Judge Gottschall's order forbidding further "discovery." Thus, the City argues that some cases have referred to requests to admit as a discovery mechanism and therefore the current wave of requests violates the April 29th order. (*See* Memorandum at 9).[7]

Upon analysis, it becomes clear that there is no tension between these cases and that any dissonance is semantic, not substantive. The Advisory Committee Notes to the 1970 amendment to Rule 36 state that "the procedural operation of the rule is brought into line with *other discovery procedures*...." (Emphasis supplied). Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30,

---

[6] Professor Moore has said that "[b]ecause Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes." 7 Moores Federal Practice, §36.02[2] (3rd ed. 2000).

[7] Illustrative is Justice Brennan's concurring opinion in *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 639 n. 13 (1990), where he referred to the "relatively inexpensive methods of discovery such as... requests for admission...." *Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 905 (7th Cir. 2003), on which the City also relies, did not address an issue remotely comparable to that under consideration here. There, it merely referred in passing to interrogatories, document requests and requests for admissions as "discovery" which had to be answered in 30 days under the Federal Rules of Civil Procedure.

31, 33 - 35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). The former are not. Thus, the crucial inquiry is what are the purposes and limitations of requests to admit.

The cases are uniform in recognizing the distinction between request to admit and what are traditionally thought of as "discovery" procedures. Judge Gottschall's April 29th order clearly prohibited Mr. Sommerfield from gathering underlying information needed to make out a case on the added claims. Subtle and sophisticated modes of evasion were not to be employed, regardless of the name appended to the endeavor. *Compare, Welch v. Mandeville*, 14 U.S. 233, 236 (1816)(Story, J.)("It would be strange, indeed, if parties could be allowed, under the protection of its forms, to defeat the whole objects and purpose of the law itself."). It was on that basis that Judge Gottschall ruled as she did. This is uniquely a case for application of Justice Holmes' famous injunction: "We must think things, not words, or at least we must constantly translate our words into facts for which they stand, if we are to keep to the real and the true." Holmes, *Law and Science and Science and Law*, 12 Harv.L.Rev. 443, 460 (1889).

This is not to say that Judge Gottschall's order was intended to preclude any requests to admit by the plaintiff. It was not and did not pretend to, and the City does not argue that it did. But it surely was not intended to permit information gathering relating to the amended claims under the guise of hundreds of requests to admit. Whatever name is given to this effort, it most assuredly contravenes the representations made by Mr. Sommerfield on which Judge Gottschall relied when she granted leave to amend. In short, the solution to the question raised by this aspect of the case is not to be found in what the Supreme Court in another context has called the "bog of logomachy," *NLRB v. Seven-Up Bottling Co. of Miami*, 344 U.S. 344, 348 (1953), into which one would be

immersed in attempting to distinguish between "discovery" and "requests to admit." Rather, it is to be found in the substance of the promise by Mr. Sommerfield .[8]

That promise is binding for two reasons. First, it is binding simply as a representation made to a judge. *Cf. Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600, 604 (7th Cir.1981)("an attorney's promise in open court to produce certain documents '"could be treated as the equivalent of an order'" for Rule 37(b) purposes."); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 422 F.Supp.2d 934, 940 n.6 (N.D.Ill. 2006)(collecting cases). Second, having persuaded a judge to act in a way that was favorable to him, the plaintiff is judicially estopped from taking a different position. *See Zedner v. United States*, 547 U.S. 489 (2006); *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

In sum, those requests to admit that seek to obtain information about the City's policies, practices and procedures relating to training and investigation, since they relate – and seemingly only to relate – to the newly added §§1981 and 1983 claims are improper. They constitute "disguised" attempts, *J.P. Morgan Chase Bank v. Liberty Mutual Ins. Co.* 2002 WL 31159139 (S.D.N.Y. 2002), to obtain information that the plaintiff assured the court it did not need.

## CONCLUSION

The discovery rules are not a ticket, Judge Moran has observed, to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest. "Parties are entitled to

---

[8] *Cf., Electric Bond and Security Company v. SEC*, 303 U.S. 419, 440 (1938)("It is the substance of what they do, and not the form in which they clothe their transactions, which must afford the test."); *DeSanto v. Pennsylvania*, 273 U.S. 34, 43 (1927)(Brandeis, J.)("The logic of words should yield to the logic or realities."); *Worthen Co. v. Kavanaugh*, 295 U.S. 56, 62 (1935)("Our concern is with realities not nomenclature."); *Griffin v. Illinois*, 351 U.S. 12, 23 (1955)(Frankfurter, J., concurring)("Law addresses itself to actualities.").

a reasonable opportunity to investigate the facts – and no more." *Vakharia*, 1994 WL 75055 at *2.

As the Seventh Circuit more recently put it in *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008): "[T]here was enough discovery here to choke a horse. * * * [E]nough is enough." *Id.* at 981. For the reasons discussed above and as explained more fully at the lengthy hearing on the City's Motion for Protective Order, the City's motion is granted in part and denied in part. The motion is granted as to Requests: 1-11, 15-17, 19-23, 25-45, 47, 57-59, 61, 65, 74-100, 102, 106, 110, 116-118, 121-124, 127, 131, 133-135, 137-138, 140-178. The motion is denied as to Requests: 12-14, 18, 24, 46, 48-56, 60, 62-64, 66-73, 101, 103-105, 107-109, 111-115, 119-120, 125-126, 128-130, 132, 136, 139.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 7/21/08