## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | No. 06 C 3132 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Gottschall |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | JURY DEMAND |

### DEFENDANT'S ANSWER AND DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]

Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation

Counsel of the City, answers plaintiff's Second Amended Complaint as follows:

*Jurisdiction and Venue*

1.      This Court has jurisdiction under 42 USC section 2000e et seq. 28 USC §1331 and §1343. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. §2201, under 42 U.S.C. §1983 and §1981, and under Title V, 42 U.S.C. §2000e, et seq.. All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois. Venue is proper under 28 USC §1391(b) and (c).

**ANSWER:**      The City admits that venue is proper under the cited statute.  The City also admits

that this Court has jurisdiction under the cited statues to hear the claims in this action, except the

City denies that jurisdiction is conferred pursuant to 22 U.S.C. §2201.  The City denies that it

engaged in discrimination or any other conduct that violated any law, statute or ordinance.  The

City also denies that plaintiff is entitled to any damages or other relief.

---

[1]The plaintiff incorporates by reference the dismissed claims from the previous complaint to the extent such is needed to preserve his right to appeal.

**ANSWER:**      The City provides no answer and no answer is required to the claims the Court has dismissed.

2.     On 29 November 2004, the Equal Employment Opportunity Commission found that the Chicago Police Department discriminated against the plaintiff based upon his national origin, German, and his religion, Jewish. Attached.

**ANSWER:**     The City admits that in a letter dated November 29, 2004, from John P. Rowe, the

District Director of the Chicago District Office of the Equal Employment Opportunity

Commission ("EEOC"), the EEOC states that there is "reasonable cause to believe" that the

Chicago Police Department ("CPD") discriminated against plaintiff "based on his national origin,

German, and religion, Jewish." The City denies that a copy of John P. Rowe's November 29,

2004, letter was attached to plaintiff's Second Amended Complaint and states that plaintiff filed

a copy of that letter with the Court on February 20, 2009. The City denies that it engaged in

discrimination or any other conduct that violated any law, statute or ordinance. The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 2.

3.     On 8 on March 2006, the EEOC issued a right to sue letter. Attached.

**ANSWER:**     The City admits that a "Notice of Right to Sue Within 90 Days" letter having a

stamped date of March 8, 2006, was issued in connection with EEOC Charge No. 210-2004-

05557. The City denies that a copy of that letter was attached to plaintiff's Second Amended

Complaint and states that plaintiff filed a copy of that letter with the Court on February 20, 2009.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 3.

4.     The plaintiff commenced this lawsuit within 90 days of receipt of the right to sue letter.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

*Parties*

5.    The plaintiff is a natural person, residing in the Northern District of Illinois.

**ANSWER:**    The City admits that its personnel records, which are based on information provided by plaintiff, show that plaintiff resides in the Northern District of Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.    Upon information and belief, the City of Chicago is a municipality, operating the Chicago Police Department.

**ANSWER:**    The City admits that the City of Chicago is a municipality. The City also admits that the Chicago Police Department ("the CPD") is an operating department of the City of Chicago. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.    Upon information and belief, the defendant, Sergeant Knasiak, is a sergeant with the Chicago Police Department.

**ANSWER:**    The City admits that Lawrence Knasiak ("Knasiak") was a Sergeant with the CPD from April 1, 1996 to June 15, 2007. The City denies that Knasiak is currently an employee of the CPD. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.    Sergeant Knasiak acted under color of state law.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

***Common Facts For All Counts***

9.     The plaintiff is a German Jew who emigrated to the United States. His family was killed in the Holocaust.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 9.

10.     The plaintiff has worked for the Chicago Police Department since 5 July 1994.

**ANSWER:**     The City admits the allegations in paragraph 10.

11.     In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him.

**ANSWER:**     The City admits that plaintiff was assigned to the 8th District from December 10,

1998 to August 16, 2007 and that Sergeant Knasiak was assigned to the 8th District from August

14, 1997 to June 15, 2007.  The City admits that during the time when plaintiff and Sergeant

Knasiak were assigned to the 8th District, Knasiak held the rank of Sergeant and plaintiff held the

rank of Police Officer.  The City further admits that the rank of Sergeant is above the rank of

Police Officer in the CPD's officer chain of command.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph

11.

12.     Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask the plaintiff, why didn't Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them in the ashtray; you Jews are bloodsucking parasites; don't you two jag offs go pulling over Jews and niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did your parents crawl from under the fence in the concentration camp; f--k--g Germans can't do anything right; they missed a whole bunch of Jews and now they are living in this fucked up country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k--g Jew boy and so forth.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Sergeant Knasiak would call the plaintiff a stupid German.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants [sic] would assign the plaintiff to high crime areas without a partner, though officers with lesser seniority and who were not German and/or Jewish were given partners.

**ANSWER:**     The City denies the allegations in paragraph 17.

18.     Treating the plaintiff differently than officers who were not Jewish and/or German, when the defendants [sic] did assign a partner to the plaintiff, the defendants [sic] would frequently change the plaintiff's partner, though officers who were not German and/or Jewish received steady partners.

**ANSWER:**     The City denies the allegations in paragraph 18.

19.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants [sic] frequently changed the plaintiff's starting times.

**ANSWER:**     The City denies the allegations in paragraph 19.

20.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants [sic] assigned the plaintiff to work hospital duty, though the plaintiff had higher seniority than other officers who were not German and/or Jewish and who were not assigned hospital duty.

**ANSWER:**     The City denies the allegations in paragraph 20.

21.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants [sic], when assigning the plaintiff to do hospital duty, required the plaintiff to use his own car, instead of a police car.

**ANSWER:**     The City denies the allegations in paragraph 21.

22.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants [sic] assigned different cars day-to-day to the plaintiff, though officers who had less seniority than the plaintiff and who were not German and/or Jewish were given cars that did not change from day-to-day.

**ANSWER:**     The City denies the allegations in paragraph 22.

23.     Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants suspended the plaintiff for five days for not contacting the dispatcher to obtain an ID from his residence, although the plaintiff's partner, received only a reprimand for the same conduct, and for allegedly yelling at Sergeant Knasiak though it was Sergeant Knasiak who relentlessly yelled at the plaintiff.

**ANSWER:**     The City admits that plaintiff received a five-day suspension for failing to notify the dispatcher of his availability for immediate assignment and that he had relocated and for yelling at Sergeant Knasiak.  The City denies the remaining allegations in paragraph 23.

24.     Treating the plaintiff differently than other officers who were not Jewish and/or German, other officers received the position of canine patrol which was a position that the plaintiff wanted, though the plaintiff was higher on the list to receive the position.

**ANSWER:**     The City denies the allegations in paragraph 24.

*Count I: Religious discrimination against the City of Chicago*

25.     The plaintiff incorporates by reference the common facts relating to all counts.

**ANSWER:**     The City incorporates by reference its answers to the allegations in paragraphs 9

through 24.

26.     Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his
Jewish heritage.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 26.

27.     Repeatedly, Sergeant Knasiak refused.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 27.

28.     Sergeant Knasiak openly and publicly made discriminatory statements and
comments relating to the plaintiff's Jewish religion.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 28.

29.     Yet, the City of Chicago failed to stop Sergeant Knasiak from making such
harmful and discriminatory comments and statements.

**ANSWER:**     The City denies the allegations in paragraph 29.

30.     The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak
harassing him and discriminating against him based upon his national origin and Jewish religion,
but such supervisors ignored the plaintiff and did nothing.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 because plaintiff fails to identify the "supervisors" to whom he allegedly complained.

31.    Indeed, Lt. Carson Ernest, one of the plaintiff supervisors, instructed the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

**ANSWER:**    The City denies the allegations in paragraph 31.

32.    In March 2004, the plaintiff filed a written complaint with the internal affairs division regarding the discrimination and hostile work environment against Sergeant Knasiak.

**ANSWER:**    The City admits that in March 2004 plaintiff made a complaint to the Internal Affairs Division against Sergeant Knasiak.  The City denies the remaining allegations in paragraph 32.

33.    However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

**ANSWER:**    The City denies the allegations in paragraph 33.

34.    The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

**ANSWER:**    The City denies the allegations in paragraph 34.

35.    The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

**ANSWER:**    The City denies the allegations in paragraph 35.

36.    The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

**ANSWER:**    The City denies the allegations in paragraph 36.

37.    The City of Chicago treated the plaintiff differently because he was a German Jew than it treated those who were not.

**ANSWER:**     The City denies the allegations in paragraph 37.

38.     During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

**ANSWER:**     The City denies that it harassed or discriminated against plaintiff.  The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 38.

39.     The City of Chicago acted blindly towards discrimination and harassment.

**ANSWER:**     The City denies the allegations in paragraph 39.

40.     The City of Chicago's supervisors failed to take any action against Sergeant Knasiak.  Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 40.

41.     By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 41.

42.     Despite Plaintiff's  repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and [sic] harass the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 42.

43.     The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 43.

44.     The City of Chicago violated the plaintiff's Civil [sic] Rights Act, 42 USC section 2000e, et  seq.

**ANSWER:**     The City denies the allegations in paragraph 44.

45. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. The City denies that it engaged in any conduct that violated any law, statute or ordinance.

46. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

**ANSWER:** The City denies the allegations in paragraph 46.

*Count II: National origin discrimination: German; against the City of Chicago*

47. The plaintiff incorporates by reference the common facts relating to all counts.

**ANSWER:** The City incorporates by reference its answers to the allegations in paragraphs 9 through 24.

48. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Repeatedly, Sergeant Knasiak refused.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. He would refer to the plaintiff as a Nazi, stupid German and so forth.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

**ANSWER:** The City denies the allegations in paragraph 52.

53. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 because plaintiff fails to identify the "supervisors" to whom he allegedly complained.

54. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

**ANSWER:** The City denies the allegations in paragraph 54.

55. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

**ANSWER:** The City denies the allegations in paragraph 55.

56. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

**ANSWER:** The City denies the allegations in paragraph 56.

57. The City of Chicago created a hostile, [sic] work environment for the plaintiff, adversely affecting his ability to perform his duties.

**ANSWER:** The City denies the allegations in paragraph 57.

58. The City of Chicago treated the plaintiff differently based on his German national origin than those with other types of national origin.

**ANSWER:**     The City denies the allegations in paragraph 58.

59.     During the many years that Sergeant Knasiak discriminated and [sic] harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

**ANSWER:**     The City denies that it harassed or discriminated against plaintiff. The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 59.

60.     The City of Chicago acted blindly towards discrimination and harassment.

**ANSWER:**     The City denies the allegations in paragraph 60.

61.     The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 61.

62.     By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 62.

63.     Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 63.

64.     The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 64.

65.     The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

**ANSWER:**     The City denies the allegations in paragraph 65.

66.     The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.  The City denies that it engaged in any conduct that violated any law, statute or ordinance.

67.     The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

**ANSWER:**     The City denies the allegations in paragraph 67.

### *Count III: Retaliation against the City of Chicago*

68.     The plaintiff incorporates by reference counts I and II.

**ANSWER:**     The City incorporates by reference its answers to the allegations contained in counts I and II.

69.     After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

**ANSWER:**     The City denies that it harassed, discriminated against or retaliated against plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70.     The defendant required the plaintiff to work in a police car by himself in a high crime neighborhood.

**ANSWER:**     The City denies that it retaliated against plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 because plaintiff does not provide a time frame and because the phrase "high crime area" is vague and ambiguous.

-13-

71. This is true though other officers had a partner in the police car with them in a high crime area.

**ANSWER:** The City denies that it retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 because plaintiff does not provide a time frame and because the phrase "high crime area" is vague and ambiguous.

72. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

**ANSWER:** The City denies that it retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 because plaintiff does not provide a time frame and because the phrases "many other officers" and "crime level" are vague and ambiguous.

73. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

**ANSWER:** The City denies that it retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 because plaintiff does not provide a time frame nor identify the "agents" to whom he refers.

74. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

**ANSWER:** The City denies that it discriminated or retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 because plaintiff does not identify the "other officers" nor the "hospital" to which he refers.

-14-

75. The defendant would constantly change the plaintiff's starting times, though other officers who did not complain of discrimination and harassment were given steady starting times.

**ANSWER:** The City denies that it harassed, discriminated against or retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 because plaintiff does not identify the "other officers" and because the term "constantly" and the phrase "steady starting times" are vague, conclusory and argumentative.

76. Constantly, the defendant would assign the plaintiff to work alone in the police car at night without a partner, though other officers who did not complain of discrimination and harassment were given steady partners.

**ANSWER:** The City denies that it harassed, discriminated against or retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 because plaintiff does not identify the "other officers" and because the term "constantly" and the phrase "steady partners" are vague, conclusory and argumentative.

77. When the defendant would assign a partner to the plaintiff, the defendant would not assign a steady partner, but would regularly change the plaintiff's partner, though other officers who did not complain of discrimination and harassment were given steady partners.

**ANSWER:** The City denies that it harassed, discriminated against or retaliated against plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 because plaintiff does not identify the "other officers" and because the phrase "steady partners" are vague, conclusory and argumentative.

78. Constantly, the defendant would change the plaintiff's beat, though officers who did not complain of discrimination and harassment were given a far steadier beat.

**ANSWER:**    The City denies that it harassed, discriminated against or retaliated against

plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 78 because plaintiff does not identify the "other

officers" and because the term "constantly" and the phrase "far steadier beat" are vague,

conclusory and argumentative.

79.    Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the
plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 79.

80.    Though the plaintiff was higher on the list awaiting the position of canine patrol,
those who were lower on the list received the position instead of the plaintiff.

**ANSWER:**    The City denies that plaintiff was eligible to be a canine handler. The City further

denies the remaining allegations in paragraph 80.

81.    Before complaining about the continual harassment and discrimination by
Sergeant Knasiak, the plaintiff did not have a disciplinary record since 1994.

**ANSWER:**    The City denies that it harassed, discriminated against or retaliated against

plaintiff. The City admits that plaintiff has been disciplined during his career with the CPD. The

City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 81 because plaintiff fails to identify the date of his alleged

complaint.

82.    After complaining about Sergeant Knasiak's harassment and discrimination, the
plaintiff was suspended three times totaling 15 days.

**ANSWER:**    The City admits that plaintiff has been suspended three times. The City denies

that plaintiff has been suspended for a total of fifteen days. The City states that CPD records

show that plaintiff served a three-day suspension beginning on February 6, 2006 for an incident

that occurred on December 22, 2005, a one-day suspension on November 7, 2006 for an incident

that occurred on December 26, 2004; and a five-day suspension beginning on September 17,

2007 for an incident that occurred on March 15, 2004. The City also denies that it harassed,

discriminated against or retaliated against plaintiff. The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82

because plaintiff fails to identify the date of his alleged complaint.

83.    The defendant retaliated against the plaintiff by not keeping his charges of
discrimination, harassment and retaliation confidential, but allowing them to be the talk of the
police station.

**ANSWER:**    The City denies the allegations in paragraph 83.

84.    Regarding a charge regarding a pet store where the plaintiff had purchased a
puppy who thereafter was sick regarding emergency care, Sergeant Betty Woods found that the
charge was not sustained. However, Lt. Timothy Bialek, in retaliation, sustained the charge,
though employees have attended to their personal matters during work hours.

**ANSWER:**    The City admits that the manager of a pet store registered a complaint against

plaintiff with the CPD's Office of Professional Standards for demanding a refund for a dog,

threatening to return and take another dog, and running the licenses of the owners to determine

their home addresses. The City also admits that Lt. Timothy Bialek added a complaint that

plaintiff was conducting personal business during his tour of duty when he went to the pet store.

The City is without knowledge or information sufficient to form a belief as to the truth of

whether plaintiff purchased a puppy from that pet store or if that puppy became sick or received

emergency care. The City admits that the charges that plaintiff conducted personal business

during his tour of duty were sustained. Because plaintiff does not identify the "employees" to

-17-

whom he refers, the City is without knowledge or information sufficient to form a belief as to the

truth of whether "employees have attended to their personal matters during work hours". The

City denies the remaining allegations in paragraph 84.

85.     The defendant retaliated against the plaintiff through Lt. Carson Ernest who in or about the middle of 2007 threatened to get the plaintiff because he had been suspended for three days relating to the plaintiff's charges against Sergeant Knasiak.

**ANSWER:**     The City denies the allegations in paragraph 85.

86.     The City of Chicago allows and tolerates a custom and practice of supervisors, that is, sergeants, lieutenants and others in management, retaliating against subordinates who complain about retaliation and harassment.

**ANSWER:**     The City denies the allegations in paragraph 86.

87.     The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

**ANSWER:**     The City denies that it retaliated against plaintiff.  The City further denies the

remaining allegations in paragraph 87.

88.     As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

**ANSWER:**     The City denies that it retaliated or unlawfully discriminated against plaintiff.  The

City further denies the remaining allegations in paragraph 88.

89.     The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

**ANSWER:**     The City denies the allegations in paragraph 89.

### Count IV: §1983 and §1981 claims against the City of Chicago

90.     The plaintiff incorporates by reference the previous allegations of the complaint.

-18-

**ANSWER:**     The City incorporates by reference its answers to the previous allegations of this

complaint.

91.     The City of Chicago allegedly trains its new officers on policies and procedures at
the police academy.

**ANSWER:**     The City admits that it trains its new officers on policies and procedures at the

police academy, among other places.  The City denies the remaining allegations in paragraph 91.

92.     Such training/instruction to some limited extent involves the city's general
prohibition against discrimination.

**ANSWER:**     The City admits that it trains and instructs police officers at the police academy,

among other places, on the City's prohibition against unlawful discrimination.  The City denies

the remaining allegations in paragraph 92.

93.     After such training/instruction at the academy, police officers receive no further
training relating to discrimination, harassment and retaliation, such as, based upon national origin
and religion.

**ANSWER:**     The City incorporates by reference its answers to the allegations in paragraphs 91

and 92.  The City denies the remaining allegations in paragraph 93.

94.     Police officers promoted to sergeant and higher supposedly receive some type of
training/instruction on discrimination and harassment at school relating to their promotion, such
as, sergeant school, lieutenant school and so forth.

**ANSWER:**     The City admits that sworn members of the CPD who receive a grade promotion

are trained and instructed prior to their promotion on the CPD's anti-discrimination and

harassment policy, and that such training occurs at the Academy.  The City denies the remaining

allegations in paragraph 94.

95.     However, such limited and restricted training/instruction has been deficient.
Sergeants and/or lieutenants have testified in this case that they do not know if they have been

-19-

trained on national origin discrimination, national origin harassment, religious discrimination and religious harassment.

**ANSWER:** The City denies the allegations in the first sentence of paragraph 95. The City is

without knowledge or information sufficient to form a belief as to the truth of the allegations in

the second sentence of paragraph 95 because plaintiff does not identify the "sergeants" and/or

"lieutenants" to whom he refers.

96. Other than the aforementioned, limited and restricted training/instruction, the only training/instruction police officers have received is playing a video of a few minutes on sexual harassment at roll call.

**ANSWER:** The City denies the allegations in paragraph 96.

97. Training and instructing police officers regularly on policies against national origin discrimination, national origin harassment, religious discrimination and religious harassment are important.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 97 because the terms "regularly" and "important" are vague,

conclusory and argumentative.

98. The city's failure to train and instruct police officers regularly on policies against national origin discrimination, national origin harassment, religious discrimination and religious harassment and retaliation demonstrates a reckless disregard and deliberate indifference to these important rights and public policies.

**ANSWER:** The City denies the allegations in paragraph 98.

99. The city's failure to train and instruct police officers regularly on these policies against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation demonstrates a custom and practice which was instituted by policy makers.

**ANSWER:** The City denies the allegations in paragraph 99.

100. The city through its police department acted with reckless disregard by failing to regularly train/instruct its officers against national origin discrimination and harassment and religious discrimination and harassment and retaliation.

**ANSWER:** The City denies the allegations in paragraph 100.

101. On several occasions, Sergeant Knasiak would discriminate against, harass and retaliate against the plaintiff in front of other employees, including, officers, sergeants, lieutenants and captains.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 101.

102. When Sergeant Knasiak would so discriminate, harass or retaliate against the plaintiff, sergeants, lieutenants and captains did not reprimand, discipline or prohibit Sergeant Knasiak from such illegal acts.

**ANSWER:** The City denies the allegations in paragraph 102.

103. Acting with reckless disregard and deliberate indifference, the city knew that its failure to regularly train/instruct its officers would increase the probability of national origin discrimination and harassment, religious discrimination and harassment and retaliation.

**ANSWER:** The City denies the allegations in paragraph 103.

104. Indeed, sergeants and/or lieutenants have testified in this case that they did not know whether attacks and insults, such as, burn Jew burn, don't you two jag offs go pulling over Jews and niggers all night, Hitler should have killed all of you Jews and so forth violated or complied with any City policy.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 104 because plaintiff does not identify the "sergeants" and/or

"lieutenants" to whom he refers.

105. Sergeants and/or lieutenants did not know whether such attacks and insults were harassing or created a hostile working environment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 because plaintiff does not identify the "sergeants" and/or "lieutenants" to whom he refers.

106. Sergeants and/or lieutenants did not know what a victim was supposed to do if confronted with national origin discrimination, national origin harassment, religious discrimination and religious harassment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 because plaintiff does not identify the "sergeants" and/or "lieutenants" to whom he refers.

107. Sergeants and lieutenants ignored the plaintiff's complaints of discrimination and harassment for several years.

**ANSWER:** The City denies the allegations in paragraph 107.

108. A custom and practice exists for sergeants and/or lieutenants to ignore an officer's complaints when the accused involves another Sergeant.

**ANSWER:** The City denies the allegations in paragraph 108.

109. The defendant is deficient about training its officers on matters relating to national origin and religious discrimination and harassment by one employee against another employee.

**ANSWER:** The City denies the allegations in paragraph 109.

110. The defendant is deficient about training its officers to report complaints of national origin and religious discrimination and harassment and retaliation.

**ANSWER:** The City denies the allegations in paragraph 110.

111. The defendant is deficient about training its officers to correct acts of national origin and religious discrimination and harassment and retaliation.

**ANSWER:** The City denies the allegations in paragraph 111.

112. The defendant failed to ensure that its subordinates were not deficiently trained to recognize national origin and religious discrimination and harassment and retaliation, and

-22-

respond to complaints of national origin and religious discrimination and harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 112.

113.     Among others, Sergeant Betty Woods, Lt. Carson Ernest [sic], Sergeant Majewski [sic], Sergeant Pickering were the plaintiff's supervisors.

**ANSWER:**     The City admits that Sgt. Betty Woods, Lt. Carson Earnest, Sgt. John Maciejewski and Sgt. Christine Pickering hold a higher rank than plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 because plaintiff does not provide a time frame.

114.     The defendant failed to interview the plaintiff's supervisors, such as, Sergeant Betty Woods, Lt. Carson Ernest [sic], Sergeant Majewski [sic], Sergeant Pickering to whom the plaintiff complained about discrimination/harassment.

**ANSWER:**     The City denies that it failed to interview Lt. Carson Earnest or Sgt. Christine Pickering.  The City denies that plaintiff complained about discrimination or harassment to Lt. Carson Earnest, Sgt. Christine Pickering or Sgt. John Maciejewski.  As to Sgt. Woods, the City denies that plaintiff complained about discrimination or harassment to her, but admits that Sgt. Woods testified that plaintiff told her that Sgt. Knasiak called plaintiff names.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114.

115.     At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant inform Sergeant Knasiak that the defendant would have to train him on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 because plaintiff does not specify the "complaints" to which he refers nor the dates of his alleged complaints.

116.    At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant inform the supervisors to whom the plaintiff complained about discrimination, harassment and retaliation that the defendant would have to train them on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 because plaintiff does not identify the dates on which or the "supervisors" to whom he allegedly complained.

117.    At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant train the eighth district on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 because plaintiff does not specify the "complaints" to which he refers nor the dates of his alleged complaints.

118.    The fact that the plaintiff complained to several supervisors over a course of several years conveys constructive knowledge to the defendant of the national origin and religious discrimination and harassment and retaliation.

**ANSWER:**    The City denies the allegations in paragraph 118.

119.    Other officers complained about Sergeant Knasiak's racial and/or religious attacks, including, but not limited to, officer Berger and officer Abuzanat.

**ANSWER:**    The City admits that Officer Edward Berger made a complaint that Sergeant Knasiak made racial slurs. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119.

-24-

120.     The defendant failed to discipline the supervisors to whom the plaintiff complained about discrimination, harassment and retaliation for ignoring the plaintiff's complaints of discrimination, harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 120.

121.     Therefore, the city ratified their actions, that is, by not disciplining and/or training them, the defendant acquiesced and explicitly acknowledged that some supervisors follow the city's deficient policies and procedures, that is, ignoring complaints of national origin discrimination and harassment and religious discrimination and harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 121.

122.     Also, because the city fails to discipline supervisors who fail to accept complaints of discrimination/harassment against Sergeants, supervisors were undeterred and ignored the plaintiff's repeated complaints over a course of years.

**ANSWER:**     The City denies the allegations in paragraph 122.

123.     The defendant's deficient training resulted in the highly predictable injury to the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 123.

124.     The city's deficient training was the moving force behind the constitutional violations against the plaintiff which occurred over several years.

**ANSWER:**     The City denies the allegations in paragraph 124.

125.     As the defendant did not have regular training of Sergeant Knasiak against discriminating against, harassing or retaliating against officers, the defendant had sufficient notice that the failure to train properly and/or regularly would lead to constitutional violations.

**ANSWER:**     The City denies that it failed to train Sergeant Knasiak appropriately concerning the City's policy against discrimination, harassment and retaliation. The City further denies the remaining allegations in paragraph 125.

126.     It was foreseeable that the failure to train properly would lead to injuries to victims of national origin and religious discrimination and harassment and retaliation.

**ANSWER:**     The City incorporates by reference its answer to paragraph 125.  The City denies

the remaining allegations in paragraph 126.

127.    Also, it was foreseeable that failing to properly train or failing to regularly train
would lead to the plaintiff's injury.

**ANSWER:**     The City incorporates by reference its answers to paragraphs 125 and 126.  The

City denies the remaining allegations in paragraph 127.

128.    The defendant was deliberately indifferent by failing to institute a proper training
program regarding the clear and recurrent constitutional rights against discrimination, harassment
and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 128.

129.    Had the city not acted with deliberate indifference, Sergeant Knasiak who was
inclined to engage in harassment, discrimination and retaliation, would have been deterred.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to

whether Sergeant Knasiak was inclined to engage in harassment, discrimination and retaliation.

The City denies the remaining allegations in paragraph 129.

130.    Moreover, the city acted with deliberate indifference by failing to discipline
Sergeant Knasiak for engaging in repeated acts of discrimination, harassment and retaliation over
a course of years against the plaintiff, officer Abuzanat and/or officer Berger.

**ANSWER:**     The City denies the allegations in paragraph 130.

131.    Thus, the city ratified Sergeant Knasiak's acts of discrimination, harassment and
retaliation against the plaintiff, officer Abuzanat and/or officer Berger and/or acquiesced to such
acts.

**ANSWER:**     The City denies the allegations in paragraph 131.

132.    Also, the city acted with deliberate indifference by not separating Sergeant
Knasiak from the plaintiff, officer Abuzanat and officer Berger, though they were on notice that
he was discriminating against them.  The defendant's failure to act demonstrates their
acquiescence of Sergeant Knasiak's conduct of discrimination, harassment and/or retaliation.

**ANSWER:**     The City denies the allegations in paragraph 132.

133.     It was foreseeable that Sergeant Knasiak would encounter recurring situations of having subordinates with different national origins and different religious affiliations.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 133.

134.     Yet, the defendant with deliberate indifference failed to train Sergeant Knasiak, or any supervisor, of what constitutes national origin discrimination and harassment and religious discrimination and harassment either before or after the plaintiff's complaints of discrimination, harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 134.

135.     The defendant's failure to respond to the plaintiff's repeated complaints of discrimination/harassment denied him equal protection.

**ANSWER:**     The City denies the allegations in paragraph 135.

136.     The City of Chicago allows and tolerates a custom and practice of supervisors, that is, sergeants, lieutenants and others in management, retaliating against subordinates who complain about retaliation and harassment.

**ANSWER:**     The City denies the allegations in paragraph 136.

137.     The defendant's alleged policy on discrimination fails to define or describe national origin discrimination and harassment or religious discrimination and harassment.

**ANSWER:**     The City denies the allegations in paragraph 137.

138.     The defendant acted with deliberate indifference to a foreseeable risk that by not defining or describing national origin discrimination and religious discrimination, employees would not know what constitutes such, and thus, would engage in discrimination and harassment.

**ANSWER:**     The City denies the allegations in paragraph 138.

139.     Sergeants testified that there was no training on what a victim should do if harassed/discriminated against regarding national origin and religious discrimination and harassment and retaliation.

**ANSWER:**     The City denies that it does not train its police officers, including but not limited

to sergeants, on what an officer should do if he believes he has been harassed or discriminated

against because of his religion or national origin or retaliated against.  The City further denies the

remaining allegations in paragraph 139.

140.    Also, the defendant has no policy to enforce any policy of having supervisors
report claims of discrimination caused by another Sergeant/lieutenant.

**ANSWER:**     The City denies the allegations in paragraph 140.

141.    The defendant has no policy to encourage supervisors to report claims of
discrimination/harassment caused by another sergeant/lieutenant.

**ANSWER:**     The City denies the allegations in paragraph 141.

142.    The training at the police academy involved the defendant's policy against
discriminating against citizens, but not against employees.

**ANSWER:**     The City denies the allegations in paragraph 142.

143.    The defendant's only training relating to discrimination and harassment relates to
officers being trained at the police academy when they are hired initially and, after January 2000,
viewing one video on sexual harassment.

**ANSWER:**     The City denies the allegations in paragraph 143.

144.    The defendant has no policy to ensure that all employees view the video on sexual
harassment, particularly regarding employees who are sick on the day that the video is shown or
are on vacation etc.

**ANSWER:**     The City denies the allegations in paragraph 144.

145.    After a victim complains of national origin discrimination, national origin
harassment, religious discrimination, religious harassment and retaliation with the internal affairs
division, the internal affairs division supposedly begins an investigation.

**ANSWER:**     The City admits the Internal Affairs Division of the CPD investigates claims of

national origin and religious discrimination and harassment and retaliation brought by police

officers in accordance with the General Orders of the CPD. The City denies the remaining

allegations in paragraph 145.

146. Acting with reckless disregard and deliberate indifference, the city fails to have a policy of investigating claims of discrimination, harassment and retaliation promptly and efficiently.

**ANSWER:** The City denies the allegations in paragraph 146.

147. Indeed, acting with reckless disregard and deliberate indifference, the city's investigations relating to discrimination, harassment and retaliation have taken multiple years.

**ANSWER:** The City denies the allegations in paragraph 147.

148. The city's investigation relating to the plaintiff's complaint of harassment, retaliation and discrimination took approximately 3 years before it was completed.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 148 because the plaintiff fails to specify the "complaint" to

which he refers. The City states that the investigation of the complaint plaintiff made against

Sergeant Knasiak in C.R. #296550 on March 16, 2004 was completed by Officer Christopher

Taliaferro on February 10, 2005.

149. The custom and practice for the city is to take multiple years to complete an investigation based about harassment, retaliation and discrimination.

**ANSWER:** The City denies the allegations in paragraph 149.

150. During the city's investigation, acting with reckless disregard and deliberate indifference, the city does not have a policy or practice of separating the discriminator, harasser and retaliator from the victim.

**ANSWER:** The City denies the allegations in paragraph 150.

151. Therefore, acting with reckless disregard and deliberate indifference, the city creates an environment of allowing the discriminator, harasser and retaliator to continue to discriminate against, harass or retaliate against the victim during the city's long investigation.

**ANSWER:**     The City denies the allegations in paragraph 151.

152.     Acting with reckless disregard and deliberate indifference, the city of Chicago allows and tolerates a custom and practice of failing to train regularly its employees on its illusory policies against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 152.

153.     Acting with deliberate indifference and reckless disregard, the city of Chicago allows and tolerates a custom and practice of taking multiple years to investigate claims by victims of discrimination, harassment and retaliation.

**ANSWER:**     The City denies the allegations in paragraph 153.

154.     Acting with deliberate indifference and reckless disregard, the city of Chicago does not enforce or implement any policy to ensure the confidentiality of investigations relating to discrimination, harassment and retaliation. In the instant case, the plaintiff's claims of harassment, discrimination and retaliation were the talk throughout the district where the plaintiff and Sergeant Knasiak were employed.

**ANSWER:**     The City denies the allegations in the first sentence of paragraph 154. The City is

without knowledge or information sufficient to form a belief as to the truth of the allegations in

the second sentence.

155.     Acting with reckless disregard and deliberate indifference, the city of Chicago allows and tolerates a practice of allowing the harasser, discriminator and retaliator to continue to work in the same area as the victim, instead of separating them.

**ANSWER:**     The City denies the allegations in paragraph 155.

156.     The city's acts and practices and failure to institute appropriate policies and procedures have a causal connection with the harassment, discrimination and retaliation against the plaintiff.

**ANSWER:**     The City denies the allegations in paragraph 156.

157.     As a direct and proximate result of the defendant's willful, knowing and intentional discrimination, harassment and retaliation against the plaintiff, the plaintiff suffered and continues to suffer.

**ANSWER:**     The City denies the allegations in paragraph 157.

158.     The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

**ANSWER:**     The City denies the allegations in paragraph 158.

*Count V: §1983 and §1981 claims against the City of Chicago*

159.     The plaintiff incorporates by reference to [sic] previous allegations in the complaint.

**ANSWER:**     The City incorporates by reference its answers to the previous allegations of this

complaint.

160.     For years, Sergeant Knasiak in front of other sergeants, lieutenants and so forth would make discriminatory and harassing remarks against the plaintiff based upon his German nationality and Jewish religion.

**ANSWER:**     The City denies that it harassed or discriminated against plaintiff on the basis of

his national origin or religion, or on any other unlawful basis.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph

160.

161.     For years, Sergeant Knasiak in front of other sergeants and lieutenants would discriminate against and harass the plaintiff based on his German national origin and Jewish religion.

**ANSWER:**     The City denies that it harassed or discriminated against plaintiff on the basis of

his national origin or religion, on an any other unlawful basis.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph

161.

162.     For several years, Sergeant Knasiak discriminated against and harassed the plaintiff based on his Jewish religion and German national origin, though he did not discriminate against those who were not German and Jewish.

**ANSWER:** The City denies that it harassed or discriminated against plaintiff on the basis of his national origin or religion, or on any other unlawful basis. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162.

163. Sergeant Knasiak's harassment, discrimination and retaliation against the plaintiff were open and public, often at roll call and done under color of state law.

**ANSWER:** The City denies that it harassed, discriminated against or retaliated against plaintiff on the basis of his national origin or religion, or on any other unlawful basis. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163.

164. The harassment, discrimination and retaliation that the plaintiff suffered were based upon his German national origin and Jewish religion.

**ANSWER:** The City denies that it harassed, discriminated against or retaliated against plaintiff on the basis of his national origin or religion, or on any other unlawful basis. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164.

165. Because Sergeant Knasiak's discrimination and harassment of the plaintiff was open and obvious, often at roll call, in front of other sergeants and lieutenants, the city had a custom and practice of allowing such discrimination and harassment.

**ANSWER:** The City denies the allegations in paragraph 165.

166. Indeed, Sergeant Knasiak felt comfortable discriminating against, harassing and retaliating against the plaintiff for several years, knowing that the city would do little to nothing against him.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to

what Sergeant Knasiak felt or believed.  The City denies the remaining allegations in paragraph

166.

167.    In fact, Lt. Carson Earnest, the acting watch commander of the District at the
Chicago Police Department where the plaintiff and Sergeant Knasiak were employed, told the
plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak relating to the plaintiff's
claims of harassment, discrimination and retaliation.

**ANSWER:**    The City denies the allegations in paragraph 167.

168.    Even after the plaintiff filed a written complaint with the internal affairs division,
during a three-year investigation, the city did nothing to prevent Sergeant Knasiak from
continuing to harass, discriminate against and retaliate against the plaintiff.

**ANSWER:**    The City denies the allegations in paragraph 168.

169.    The internal affairs division had claims of discrimination and harassment against
Sergeant Knasiak by other officers other than the plaintiff.

**ANSWER:**    The City admits that one other police officer made a complaint to the CPD's

Internal Affairs Division ("IAD") claiming that Sergeant Knasiak ("Knasiak") made disparaging

remarks to him.  The City states that this officer initiated his complaint at the same time that

plaintiff made a complaint with IAD about Knasiak.  The City denies the remaining allegations in

paragraph 169.

170.    Yet, the city of Chicago did nothing to separate Sergeant Knasiak from the
victims.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 170 because plaintiff fails to identify the "victims" to whom

he refers.

171.    Moreover, the city of Chicago did nothing to promote any type of
training/instruction relating to discrimination, harassment and retaliation during or after the

investigation, though three people complained of discrimination and harassment against Sergeant Knasiak.

**ANSWER:**     The City denies that it does not train and instruct its employees, including

members of the CPD, on its policy prohibiting harassment, discrimination and retaliation. The

City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 171 because plaintiff fails to identify the "investigation" or

the "three people" to whom he refers.

172.     Effectively, the city of Chicago acquiesced, approved and allowed the continual discrimination, harassment and retaliation by a Sergeant against subordinates.

**ANSWER:**     The City denies the allegations in paragraph 172.

173.     The city's failure to train/instruct against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation demonstrates a reckless disregard and deliberate indifference to the constitutional rights of the plaintiff and other victims of harassment, discrimination and retaliation.

**ANSWER:**     The City denies that it fails to train or instruct its employees, including members

of the CPD, on its policy prohibiting national origin and religious discrimination and harassment

and retaliation. The City further denies the remaining allegations in paragraph 173.

174.     With a moral certainty, the city with reckless disregard and deliberate indifference knew that without appropriate training/instruction, the probability would increase that its supervisors would discriminate, harass and retaliate against their subordinates.

**ANSWER:**     The City denies the allegations in paragraph 174.

175.     With a moral certainty, the city with reckless disregard and deliberate indifference knew that without appropriate training/instruction, the probability would increase that supervisors would ignore complaints of harassment, discrimination and retaliation I [sic] subordinates, particularly when they are lodged against a fellow supervisor.

**ANSWER:**     The City denies the allegations in paragraph 175.

-34-

176.    But for its reckless disregard and deliberate indifference, the city knew that regular training/instruction of its employees would decrease the probability of a supervisor harassing, discriminating and retaliating against subordinates.

**ANSWER:**    The City denies the allegations in paragraph 176.

177.    But for its reckless disregard and deliberate indifference, the city knew that regular training/instruction of its employees would decrease the probability that supervisors to whom a victim complained would ignore the complaints of harassment, discrimination and retaliation.

**ANSWER:**    The City denies the allegations in paragraph 177.

178.    But for its reckless disregard and deliberate indifference, the city knew that its failure to conduct a prompt and timely investigation would allow the harasser, discriminator and retaliator to continue to discriminate, harass and retaliate against the victim.

**ANSWER:**    The City denies the allegations in paragraph 178.

179.    But for its reckless disregard and deliberate indifference, the city knew that its failure to separate the harasser, retaliator and discriminator from the victim during the investigation would allow the harasser, retaliator and discriminator to continue to harass, retaliate and discriminate against the victim.

**ANSWER:**    The City denies the allegations in paragraph 179.

180.    By failing to take appropriate actions, and failing to institute appropriate policies, the city, acting with reckless disregard and deliberate indifference, knew that its omissions and commissions would result in constitutional violations.

**ANSWER:**    The City denies the allegations in paragraph 180.

181.    The city's acts and practices, and failure to institute appropriate policies and procedures, have a causal connection with the harassment, discrimination and retaliation that the plaintiff suffered.

**ANSWER:**    The City denies the allegations in paragraph 181.

182.    As a direct and proximate result of the defendant's willful, knowing an [sic] intentional discrimination, harassment and retaliation against the plaintiff, the plaintiff suffered and continues to suffer.

**ANSWER:**    The City denies the allegations in paragraph 182.

183.    The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

**ANSWER:**    The City denies the allegations in paragraph 183.


## ADDITIONAL DEFENSES

1.    To the extent plaintiff relies on events allegedly occurring more than 300 days prior to the filing of his EEOC charge, plaintiff's claims under Title VII based on those events are time barred.

2.    To the extent plaintiff relies on events that are not within the scope of this EEOC charge, his claims under Title VII based on those events are barred for failing to exhaust his administrative remedies.

3.    If plaintiff were subjected to a hostile working environment under applicable law, defendant is not liable because defendant exercised reasonable care to prevent and promptly correct any harassing behavior and plaintiff unreasonably failed to take advantage of preventative or corrective avenues or otherwise avoid injury.

4.    All of plaintiff's claims brought pursuant to 42 U.S.C. §1983 are barred by the two-year statute of limitations.

5.    Any claims plaintiff has brought pursuant to 42 U.S.C. §1981 are barred by the four-year statute of limitations.

6.    On February 19, 2009, the Court dismissed any religious discrimination claims brought pursuant to 42 U.S.C. §1983.

7.      To the extent that plaintiff has failed to mitigate his damages, he is not entitled to a
damage award.

## JURY DEMAND

Defendant City of Chicago demands a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

BY:     /s/ Lee Ann Rabe
CELIA MEZA UTRERAS
Deputy Corporation Counsel
KENNETH ROBLING
Senior Counsel
LEE ANN RABE
MARCELA SANCHEZ AGUILAR
Assistants Corporation Counsel

Employment Litigation Division
30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-1566