UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 3132 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Detlef Sommerfield brought this suit against the City of Chicago (the "City") in 2006 alleging that he was subject to discrimination, harassment and retaliation while he was an officer working in the Chicago Police Department (the "CPD") because he is Jewish. The case has since proceeded on a tortuous path, the precise turns of which the court need not recount to resolve the instant objection to Magistrate Judge Cole's twenty-seven page memorandum opinion and order (the "Order") (Doc. No. 321) denying Sommerfield's "Motion for Ruling on Plaintiff's Motion to Compel the Defendant to Produce and answer Discovery Regarding Similarly Situated Employees" (the "Motion to Compel"), (Doc. No. 287).

**I. BACKGROUND**

Since April 2007 Sommerfield has sought discovery "of every complaint of discrimination by anyone in the Chicago Police Department and every suspension of any employee of the Chicago Police Department" over a seven-year period. Order 18 (emphasis omitted); *see* Am. Notice of Dep. (Doc. No. 103); *see also* Order 5 (noting that Judge Cole denied Sommerfield's motion to compel the production of another form of this overbroad discovery on August 9, 2007 after a three-hour hearing). Rather than

compel the City to produce discovery which Judge Cole accurately characterized as "oceanic" in scope, Order 20, Judge Cole granted Sommerfield more limited discovery tailored to the legal standard in Title VII employment discrimination and retaliation cases, which permits a plaintiff to establish a prima facie case by the so-called indirect method. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02 (1973). A plaintiff proceeding indirectly on a disparate treatment claim must show, *inter alia*, that similarly situated persons not in the protected class were treated more favorably than the plaintiff; in retaliation claims similarly situated individuals who did not engage in statutorily protected activity must be shown to have been treated more favorably. *See Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854 (7th Cir. 2008); *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). Sommerfield maintains that Judge Cole improperly restricted the scope of discovery based on an erroneous understanding of what constitutes a similarly situated employee under Title VII.

While the core of Sommerfield's objection is clear enough, its posture is convoluted. The Order which the court is tasked to review denied the Motion to Compel, which was filed on November 26, 2008, but the underlying dispute dates at least to October 4, 2007, when Judge Cole held a three-hour conference during which he granted in part and denied in part the City's Motion for Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions (Doc. No. 90). After the conference Judge Cole ordered Sommerfield "to file a brief on the question of what constitutes similarly situated persons and [discussing Sommerfield's] entitlement to the kind of information in the 30(b)(6) notice which is attached as exhibit 10 to the City's motion for protective order." Oct. 4, 2007 Order (Doc. No. 101). Sommerfield filed his brief, to which he appended an

amended 30(b)(6) deposition notice (Doc. No. 103) which appears to differ from the deposition notice on which Judge Cole ordered briefing, but still seeks department-wide discovery (e.g., "testimony about all persons in the Chicago Police Department who were suspended from 1 January 2000 until the present), something Judge Cole had prohibited in various prior rulings. *See* Order 8-13. After the briefs were filed, Judge Cole resolved a number of similar (and similarly contentious) discovery disputes, many of which Sommerfield objected to. *See* Order 10-15.

A year after the City filed its response brief on the issue of similarly situated persons, Sommerfield filed the Motion to Compel contending that there had been no ruling on discovery related to "how the defendant treated similarly situated employees." Reply 4 (Doc. No. 305). While the Order states that Judge Filip's October 19, 2007 order overruling Sommerfield's objection to another order ((Doc. No. 63) granting in part and denying in part a motion to compel) mooted the issue of similarly situated persons, *see* Order 9, it nonetheless explains why Judge Cole denied the Motion to Compel, and is therefore the proper subject of an objection under Rule 72. *See* Fed. R. Civ. P. 72(a).

## II. LEGAL STANDARD

Where a magistrate judge has decided a nondispositive pretrial matter, such as a discovery motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Because magistrate

judges are afforded broad discretion in the resolution of discovery disputes, several courts have concluded that Rule 72 requires the district court to employ an abuse of discretion standard of review. *See, e.g.*, *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (noting that "[a] party seeking to overturn a discovery order . . . bears a heavy burden" because "reversal is appropriate only if [the magistrate's] discretion [to resolve discovery disputes] is abused"); *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006) (stating that Rule 72(a) objections "will be overruled unless the Court finds that the Magistrate Judge abused his discretion"); *Adams v. Ardcor Div. of Am. Roll Tooling, Inc.*, 196 F.R.D. 345, 347 (E.D. Wis. 2000) (concluding that the plaintiff had failed to show the magistrate judge had "abused her discretion by not entering a protective order").

### III. ANALYSIS

Sommerfield takes issue with nearly every statement or characterization in the Order, but the court reviews the Order for clear error only and the bulk of Sommerfield's protestations that the Order is "unfair" or "erroneous" fail even to provide a legal basis from which the court might conclude that the finding or representation Sommerfield complains of was contrary to law. To the extent these complaints may be viewed as objections under Rule 72 they are overruled. *See, e.g.*, Obj. 8 (Doc. No. 322) (citing transcript of Judge Cole's probing investigation of the parties' arguments regarding discovery of similarly situated employees – where he reserved ruling and ordered briefs on the issue – as support for the argument that the Order is "erroneous and unfair"). The court turns now to Sommerfield's proper objections.

As far as the court can discern, Sommerfield contends that Magistrate Judge Cole clearly erred by (1) preventing him from taking discovery of "centralized disciplinarians" because Magistrate Judge Cole "lacked any evidence . . . that each district has different decision-makers instead of centralized disciplining," Obj. 8, and (2) "overly restricting," *id.*, discovery of similarly situated employees.

### A. Centralized Discipline

Sommerfield contends that he is entitled to department-wide discovery because "centralized disciplinarians" decide what punishment is meted out to police officers across the entire CPD. *See* Obj. 8, 10. Judge Cole rejected this argument as a basis for granting Sommerfield the broad discovery he sought against the City because Sommerfield made the assertions without any support – legal, evidentiary, or otherwise. Sommerfield now contends that this ruling was clear error because his brief on the issue did in fact provide support for his position. *See* Obj. 10 (citing prior brief, Obj. Ex. 3, at 10, 13, 15). But a review of that brief reveals that Judge Cole's characterization was precisely correct: Sommerfield's contentions regarding centralized discipline were bare assertions. It was not clear error for Judge Cole to deny Sommerfield's broad discovery request on that basis.

Sommerfield finds further clear error in the following analysis:

> The claim of centralization would seem demonstrably incorrect. There are some 13,000 police officers in the Chicago Police Department and thousands more performing support functions throughout the 25 Districts and 5 Bureaus that comprise the Police Department – to say nothing of the employees in the office of the Superintendent and Deputy Superintendent of police. Requiring that every disciplinary decision be made by a single, centralized authority rather than by 25 District

5

> Commanders, would create insuperable administrative problems and limitless administrative backlogs.

Order 23. In Sommerfield's view this analysis amounted to clear error because it shifted "the burden to the plaintiff to explain why the 25 district commanders do not have authority to suspend employees," Obj. 10; it did nothing of the sort. As the court explained above, Judge Cole was within his discretion to reject Sommerfield's centralized discipline theory based on Sommerfield's failure to provide any support for it. That Judge Cole additionally explained why he believed plaintiff's theory was far-fetched is unobjectionable; indeed it bolsters the rationale behind requiring Sommerfield to cite something indicating that his theory rose above the speculative level before granting broad and burdensome requests for discovery. Moreover, Sommerfield *does* have a burden to show that the discovery he seeks is relevant, a requirement the Supreme Court has counseled district courts to firmly apply in order to avoid "oppression, or undue burden or expense" to the party on whom discovery is served. *See* Rule 26(b)(1); *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Judge Cole ruled that Sommerfield did not meet this burden and Sommerfield has not given the court any reason to find that this determination was clear error. Simply repeating before this court the contention that such discovery *is* relevant is improper; this court will not substitute its judgment for that of Judge Cole. *See Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988) ("Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view.") Accordingly, Judge Cole did not abuse his discretion to control discovery by rejecting Sommerfield's theory of

centralized discipline as a basis for permitting discovery that, *inter alia*, would have required the City to review the files of 13,000 CPD officers. *See* Order 20.

### B. Similarly Situated

In part, Sommerfield's objection to the Order's "overly restricting" discovery of similarly situated employees is of a piece with his objection to Judge Cole's finding with respect to "centralized discipline." Sommerfield continues to assert that he is entitled to discovery of harassment complaints outside of the Eighth District of the CPD, where he worked, and to discovery of disciplinary actions taken against officers by supervisors other than Sommerfield's own supervisor, Sgt. Knasiak. But being subject to the same supervisor's authority is normally required to establish that another employee is similarly situated to a Title VII discrimination or retaliation plaintiff, *see Radu* v. *Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000), and Judge Cole properly relied on such precedent to anchor Sommerfield's discovery related to similarly situated persons to those under Knasiak's supervision.

Sommerfield also objects that he has only been granted discovery of how CPD officers (under Knasiak) were disciplined for the precise infractions that Knasiak charged Sommerfield with committing: insubordination (of various types) and failure to perform police duties. *See* Order 5 (quoting one of Sommerfield's interrogatory requests). Sommerfield raised this argument before Judge Cole in his fifteen-page "Memorandum of Law of Contrasting How the Defendant Disciplined Similarly Situated Employees Under the Same Rules and Policies for Which Defendant Charged the Plaintiff," where he asserted that:

> [C]onduct that is of "comparable seriousness" (that is, unidentical, but rather comparable) in this matter is any act

7

> for which the Defendant issued a written reprimand or suspended an employee, not just those persons alleged to have violated the specific charges for which the defendant charged the plaintiff.

Mem. Contrasting, etc. 12 (Doc. Nos. 104 & 105). While this statement of law is a correct, *see, e.g.*, *Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7th Cir. 2005), the defendant Sommerfield refers to above is the City of Chicago, not Knasiak, who was terminated from this case on February 14, 2007. *See also* Am. Notice of Dep. (requesting discovery of "all persons in the Chicago Police Department from 1 January to the present" who committed a variety of infractions). Thus Sommerfield requested (in his briefing and in his Amended Notice of Deposition) discovery of all discipline taken against officers – across the entire CPD – charged with conduct of comparable seriousness to the infractions Knasiak charged Sommerfield with. Such a request is vastly overbroad; Judge Cole had forbidden department-wide discovery many times before and Judge Cole was well within his discretion to refuse again to compel the City to produce such burdensome discovery.

It appears from the briefs that Sommerfield has received discovery of how Knasiak disciplined officers who committed the same infractions as Sommerfield. *See* Resp. 10. Were Sommerfield to have asked for discovery relating to a larger universe of infractions that Knasiak disciplined officers for, Judge Cole might or might not have granted such discovery. But that was not the question before Judge Cole, and it is not the question before the court on this mind-splitting record. That Judge Cole might have granted Sommerfield more limited discovery had Sommerfield requested it is of no moment since he did not do so and Sommerfield cites no authority indicating that Judge Cole has an affirmative obligation to tailor a party's overbroad discovery request. Judge

Cole, like this court, resolves disputes in the form in which the parties present them. He reasonably excercised his discretion to do so here.

## CONCLUSION

Plaintiff's Objection to Magistrate Judge's Ruling of 8 May 2009 Relating to Similarly Situated Employees is overruled.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 3, 2010