# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3132 | **DATE** | 6/10/2011 |
| **CASE TITLE** | Sommerfield vs. City of Chi. | | |

**DOCKET ENTRY TEXT**

Motions *in Limine* are resolved as follows: Defendant's motions [513], [514], [517], and [518] are granted; accordingly, Plaintiff is barred from referencing any alleged discovery or litigation misconduct; any City Counsel resolutions congratulating Lawrence Knasiak on his retirement; or those facts that are only relevant to Plaintiff's dismissed § 1981 or § 1983 claims, his dismissed Title VII discrimination claim, or the dismissed portion of Plaintiff's Title VII retaliation claim. Plaintiff is also barred from referencing the EEOC charges, investigation, or determinations. *See Lewis v. City of Chi.*, 563 F. Supp. 2d 905, 919 (N.D. Ill. 2008). Defendant's motion [515] is granted in part: Plaintiff is barred from referencing the specific examples of Lawrence Knasiak's "other bad acts" set forth in Defendant's motion. Defendant's motion [516] is denied.

Plaintiff's motion [521] is granted in part and denied in part as follows: subpart 9 is granted as to the specific terms discussed in the motion; therefore, Defendant shall not refer to the "litigation lottery," "get rich quick system," or "legal welfare." Subpart 6 is granted: Defendant shall not refer to any war medals that were given to Plaintiff by his relatives, nor shall Defendant reference whether any of Plaintiff's relatives were members of the Nazi party or German military. Subpart 11 is granted: Defendant shall not reference whether and how Plaintiff practices the Jewish faith. Subpart 13 is granted to the extent that Defendant is not to reference any fee agreements Plaintiff may have with his counsel. Subpart 22 is granted reciprocally: witnesses will be barred from the courtroom, except that Plaintiff and Lawrence Knasiak will be permitted to remain. Subparts 1, 2, 3, 4, 5, 7, 8, 10, 12, 14, 15, 16, 17, 18, 19, 20, and 21 are denied. Plaintiff's motion [522] is granted in part and denied in part: granted as to affirmative defense #1 and denied as to #7. Thus, Plaintiff may reference actions and events that occurred more than 300 days prior to the EEOC charge consistent with *Nat'l R.R. Passenger vs. Morgan*, 536 US 101, 113 (2002). Plaintiff's motions [523], [524], and [530] are denied.

■[ For further details see text below.]  Docketing to mail notices.

| STATEMENT |
|---|
| The court has ruled on a number of the outstanding motions *in limine*. The court writes not to set forth a detailed analysis of these motions, but instead to note that the parties continue to make the court's job exceedingly difficult.<br><br>The plaintiff unquestionably must heed the earlier rulings of this court, and is not to use his motions *in limine* to attempt to circumvent those rulings. Further, a number of the plaintiff's twenty-eight motions are cursory and contain no legal argument or citation whatsoever–indeed, in a few it is difficult even to discern the nature of the ruling the plaintiff seeks. Others simply seem to restate the rules of evidence without any application to the matter at hand. These perfunctory filings will not be entertained. Defendant's responses to these frivolous motions are inexplicably voluminous and poorly organized, creating a further burden for the court.<br><br>While a few motions *in limine* do raise potential issues, without the benefit of the actual evidence or testimony, the court is ill-equipped to make a determination at this time.<br><br>These rulings are without prejudice and may be revisited if justice so requires. |

|  | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|