THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | Case No. 06 CV 03132 |
| Plaintiff, | ) | |
| | ) | Judge Harry D. Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO BAR
## ANY OBJECTION TO DEFENDANT'S WITNESSES

Pursuant to Federal Rule of Evidence 104(a), Defendant City of Chicago (the "City") moves for an order *in limine* (a) barring Plaintiff Detlef Sommerfield from making any objections to the City's will-call or may-call witnesses listed in the parties' Proposed Final Pretrial Order ("FPTO"); and (b) holding that the City's listed witnesses will be allowed to testify. Sommerfield's counsel has recently indicated to the City's counsel that Sommerfield intends to maintain objections to certain witnesses; however, these objections have already been denied by Judge Gottschall, and Sommerfield is improperly attempting to circumvent the law of the case.

When the parties submitted their FPTO to Judge Gottschall on May 18, 2011, Sommerfield objected to fifteen of the City's listed witnesses. (*See* Docket No. 528 at Tabs F and G.) Nine of these witnesses are still in dispute. They are: Robert Contino, Daniel Dugan, Eugene Hoffman, Debra Kirby, Daniel Mahoney, David Mullany, David Naleway, Daisy Rochon-Johnson, and Charles Williams (collectively, "the Disputed Witnesses").[1] The sole

---

[1] The other six of the original 15 witnesses, Francisco Gonzalez, Maureen Griffin, William Kelly, Tracy Nowakowski, Timothy Bialek and Kenyatta Hammond, are no longer at issue, as the City no longer intends to call them at trial, as part of its efforts to streamline the proceedings at the Court's urging.

objection that Sommerfield made to the Disputed Witnesses was that the City allegedly failed to properly disclose them in its Rule 26(a)(1) disclosures and its responses to Sommerfield's interrogatories. (*Id.*) The City disputes this objection on its merits, but the issue is now moot, as Judge Gottschall already denied the objection twice.

First, Sommerfield objected to the Disputed Witnesses in one of his original motions *in limine*. (Docket No. 521 ¶ 2.) Judge Gottschall denied this motion. (Docket No. 593.)

Second, at the July 8, 2011 pretrial conference, Sommerfield's counsel, Joseph Longo, again raised this failed objection. Judge Gottschall overruled it, citing the seven-month postponement of the trial and the resulting opportunity for Sommerfield to depose any "surprise" witnesses on the City's lists:

> MR LONGO: . . . [The] City has 15 witnesses that they never disclosed under Rule 26. They disclosed them for the very first time in this pretrial order.
>
> THE COURT: Okay.
>
> MR. LONGO: And that would certainly help if we can get a ruling on that.
>
> THE COURT: You know what my ruling is going to be? It's bad news, but you're going to try this case in January. You have plenty of time to take all these people's depositions. And if they weren't disclosed beforehand, the City has to make them available.
>
>       \*            \*            \*
>
> THE COURT: Whatever happened in the motions in limine, we're now dealing with a situation where we're not going to try this case for seven months. So barring something on the basis that it's a surprise doesn't make any sense.

---

Apparently, Sommerfield may still call Ms. Nowakowski to testify, however. (*See id.* at Tab E (listed under her former surname "Polak")).

(Ex. 1, Transcript of Final Pretrial Conference (Excerpts) at 26:20-27:17.)

Mr. Longo then protested that "taking 15 depositions would be extremely expensive for the plaintiff"; Judge Gottschall rebuffed this argument as well, stating: "Then don't take them, but I'm not barring them. If you want to take them, you have the right to take them." (*Id.* at 28:13-18.)

At Mr. Longo's request, Judge Gottschall then ordered the City to provide Sommerfield with "a very brief description of the subject matter of the [Disputed Witnesses'] testimony." (*Id.* at 29:3-5.) Judge Gottschall described this as "giving [the City] permission to disclose people late," and then stated to Mr. Longo as follows:

> I would hope that [the City] could give the plaintiff enough [information] so that
> he can make the decision whether or not he wants to depose them. If you feel that
> you're not getting enough, come in on my motion call. But basically, if in doubt,
> you probably are going to have to depose them.

(*Id.* at 29:23-30:8.)

Following the final pretrial conference, the City complied with Judge Gottschall's instructions, sending Sommerfield a five-page letter describing the subject matter of the testimony of the Disputed Witnesses. (Ex. 2, Letter.) Sommerfield never made any response to this letter or sought to depose any of the Disputed Witnesses.

Accordingly, the law of the case is now that any inadequate disclosure of the Disputed Witnesses has been cured, and Sommerfield thus can no longer object to them on the basis of "surprise" or inadequate disclosure. However, in a January 4, 2012 teleconference with Jason A. Selvey, counsel for the City, Mr. Longo indicated that he nonetheless intends to seek to bar the Disputed Witnesses – in other words, he wishes to pretend as if Judge Gottschall's two rulings

on this issue never happened. That conversation unfortunately necessitated this Motion *in Limine*.

For these reasons, the City requests an Order (a) barring Sommerfield from making any objection to the Disputed Witnesses; and (b) holding that the Disputed Witnesses will be allowed to testify.[2]

Dated: January 10, 2012

Respectfully submitted,

**CITY OF CHICAGO**

By: /s/ James F. Botana
One of Its Attorneys

James F. Botana
Neil H. Dishman
Jason A. Selvey
Jackson Lewis LLP
150 N. Michigan Ave.
Suite 2500
Chicago, Illinois 60601
(312) 787-4949

---

[2]     Sommerfield would still be free, of course, to object in good faith to any specific questions posed to the Disputed Witnesses; this Motion seeks only to avoid any dispute over whether the Disputed Witnesses can testify at all.

4

## CERTIFICATE OF SERVICE

I, James F. Botana, an attorney, certify that on this 10th day of January, 2012, this **Defendant's Motion *in Limine* to Bar Any Objection to Defendant's Witnesses** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record for the Plaintiff:

Joseph A. Longo
Attorney at Law
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490

/s/ James F. Botana