IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  06 C 3132 |
| | ) | |
| CITY OF CHICAGO | ) | |
| | ) | HONORABLE JUDGE LEINENWEBER |
| | ) | |
| Defendant | ) | JURY DEMAND |
| | ) | |

**PLAINTIFF'S MOTION TO EXTEND TIME TO PROVIDE TIME RECORDS RELATING TO ATTORNEY'S FEES PURSUANT TO LR 54.1**

As this court may recall, the jury entered a verdict in favor of the plaintiff in this religion and national origin harassment case. The court may recall that the defendant allowed Sgt. Knasiak for many years to make horrific remarks against the plaintiff, simply because he is German and Jewish.

This court entered judgment on the jury's verdict on or about 31 January 2012. The court did not enter an order regarding when the petition for attorney's fees is due along with costs.

LR 54.1 provides a procedure when a motion for attorney's fees must be filed, that is, within 90 days. Also, LR 54.1 indicates that the plaintiff should present his time records to the defendant 21 days after the judgment.

This case is six years old. The plaintiff's attorney has thousands of time entries for these six years. Reviewing these thousands of time entries is time-consuming. Also, the plaintiff's attorney needs information regarding the attorney who represented Mr. Sommerfield before the EEOC. Moreover, time records relating to Ms. Herman must also be included. Affidavit attached, Exhibit I.

The plaintiff's attorney is a sole practitioner. The trial, which lasted about one one-half weeks, was estimated to take 2-3 weeks. The defendant had over 50 exhibits containing hundreds of

1

pages. Also, the defendant had over 25 witnesses. The plaintiff had numerous witnesses as well. The plaintiff's attorney during the last couple of weeks has had to attend to matters which were put on hold to prepare for the trial. Therefore, he has not been able to compile all of the necessary records to provide to the defendant.

For this reason, the plaintiff contacted the defendant (attorney Jason Selvey) on 19 February 2012 to request their agreement to an extension of time. Exhibit II. As plaintiff had not received a response, the plaintiff on 20 February 2012 sent the same correspondence to attorney James Botana and Neil Dishman. Exhibit III.

On 21 February 2012, still not receiving a response, the plaintiff telephoned attorney Jason Selvey and left a detailed voice message. Not receiving a return call, the plaintiff then telephoned attorney James Botana. After the secretary contacted him, the plaintiff was informed that he was in a meeting. The plaintiff also asked to speak to attorney Neil Dishman. After contacting him, the secretary informed the plaintiff that Neil Dishman was in a meeting, probably were James Botana.

Thereafter, the plaintiff requested that the secretary page Jason Selvey. The plaintiff spoke to Jason Selvey who indicated that he needed to obtain the defendant's permission to extend time. The plaintiff explained that the 21 day time frame was on that particular day and that the plaintiff needed to know whether he needed to file a motion. Jason Selvey indicated that he would contact the plaintiff once he had contact with the defendant. The plaintiff asked Jason Selvey if he would not mind informing the plaintiff one way or another on that day, 21 February 2012, whether he was able to contact the defendant. Jason Selvey agreed to inform the plaintiff one way or another.

As of 9 PM, 21 February 2012, the plaintiff received no contact from the defendant. For this reason, the plaintiff files the instant motion. The plaintiff respectfully requests an extension of 14 days to provide the necessary information pursuant to LR 54.1. No prejudice will exist. Indeed, LR 54.1 allows 90 days to file the motion for attorney's fees.

Wherefore, the plaintiff prays that this Honorable Court will grant the motion to extend time

2

by 14 days to provide information to the defendant relating to attorney's fees and costs.

                              Respectfully submitted,

                              _____
                              Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@sbcglobal.net
Attorney No. 53635

## CERTIFICATE OF SERVICE

     I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S MOTION TO EXTEND TIME TO PROVIDE TIME RECORDS RELATING TO ATTORNEY'S FEES PURSUANT TO LR 54.1 by electronic filing on 21 February 2012 after 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

                              _____
                              Joseph A. Longo

3