THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD, | ) |
| | ) Case No. 06 CV 03132 |
| Plaintiff, | ) |
| | ) Judge Harry D. Leinenweber |
| v. | ) |
| | ) Magistrate Judge Jeffrey Cole |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO ENTER JUDGMENT ON
CLAIMS DISPOSED OF AT SUMMARY JUDGMENT AND SET
SCHEDULE REGARDING THE PARTIES' COSTS SUBMISSIONS**

Defendant City of Chicago, by its attorneys James F. Botana, Neil H. Dishman and Jason A. Selvey of Jackson Lewis LLP, moves the Court to enter an order: (i) entering a final judgment in favor of Defendant and against Plaintiff regarding Plaintiff's claims upon which the Court granted Defendant summary judgment prior to trial, and (ii) providing a schedule for the parties' submission regarding taxable costs in light of each party having prevailed on certain of Plaintiff's claims at the summary judgment stage and at trial. Defendant states the following in support of this Motion:

1. On January 31, 2012, the jury trial in this matter concluded. That same day, the Court entered judgment on the jury's verdict in favor of Plaintiff on Counts I and II (religious harassment and national origin harassment in violation of Title VII, respectively) and against the Defendant City of Chicago (the "City"), and in favor of the City on Count III (retaliatory harassment) and against Plaintiff. (Dkt. No. 618 – "Court's Judgment Order".) The Court entered judgment on the jury's $30,000 damages award as well. (*Id.*)

2. The Clerk of the Court's Judgment in a Civil Case, which also was entered on January 31, 2012, entered the same judgment provided for in the Court's Judgment Order. (Dkt. No. 619 – "Judgment in a Civil Case".)

3. Neither the Court's Judgment Order nor the Judgment in a Civil Case addressed Plaintiff's claims upon which the Court had previously granted the City summary judgment. (*See* Dkt. Nos. 618 and 619.) Further, neither judgment order addressed the assessment of taxable costs. (*See id.*)

4. On September 20, 2010, the Court entered a Memorandum Opinion and Order, which granted the City's motion for summary judgment in part and denied it in part. (Dkt. Nos. 493 and 494.) Specifically, the Court granted the City summary judgment on a number of claims Plaintiff asserted: religious discrimination in violation of Title VII (Count I), national origin discrimination in violation of Title VII (Count II) and two counts for the alleged discrimination, harassment and retaliation underlying Plaintiff's Title VII claims brought pursuant to 42 U.S.C. §§ 1981 and 1983 (Counts IV and V). (Dkt. No. 494.) In addition, the Court granted the City summary judgment on all portions of Plaintiff's claim of retaliation in violation of Title VII (Count III) not based upon allegations of retaliatory harassment after March 2004 by former Chicago Police Department Sergeant Lawrence Knasiak. (*Id.* at pp. 23-24.) The Court did not, however, enter a final judgment in favor of the City on these claims.

5. Accordingly, each of Plaintiff's claims has now been fully adjudicated, either by the Court's entry of the jury's verdict or its grant of the City's motion for summary judgment, but the Court has only entered a final judgment on those of Plaintiff's claims adjudicated at trial. As the trial in this matter has now concluded and the time for either of the parties to request a new trial has run, the City moves the Court, pursuant to Fed. R. Civ. P. 58(a) and (d), to enter, in

a separate document, final judgment in favor of the City and against Plaintiff for Plaintiff's claims upon which the Court granted the City summary judgment prior to trial. By doing so, the Court will have entered final judgments adjudicating all of the claims asserted in this matter.

6. Also, with such an order entered, it will become apparent that the City substantially prevailed in the lawsuit as a whole, or, at the very least, that the lawsuit ended with a mixed outcome. The City will have obtained judgments on the substantial majority of Plaintiff's claims and Plaintiff's damages award of $30,000 is but a small fraction of the damages he sought. Accordingly, the City asserts that it is entitled to an award of at least some portion of its costs, or, at a minimum, that the Court should order the parties to bear their own costs.

7. The Court has not yet entered an order addressing costs in this matter. Thus, the City respectfully requests that it do so when entering the judgment the City requests in this Motion, which is necessary to submit a bill encompassing the entire litigation. The City further requests that the Court also inform the parties if either or both of them will be awarded any of their costs, and, if so, provide 28 days after the entry of the judgment requested to file bills of costs and 21 days thereafter for responses.

WHEREFORE, the City respectfully requests that the Court enter an order entering final judgment in favor of the City and against Plaintiff regarding Plaintiff's claims upon which the Court granted Defendant summary judgment prior to trial, and providing the direction regarding potential taxable costs submissions requested by the City above.

Dated: March 1, 2012                                     Respectfully submitted,

                                                             **CITY OF CHICAGO**

                                                        By: /s/ James F. Botana
                                                             One of Its Attorneys

James F. Botana
Neil H. Dishman
Jason A. Selvey
Jackson Lewis LLP
150 N. Michigan Ave.
Suite 2500
Chicago, Illinois 60601
(312) 787-4949

## CERTIFICATE OF SERVICE

I, James F. Botana, an attorney, certify that on this 1st day of March, 2012, this **Defendant's Motion to Enter Judgment On Claims Disposed of at Summary Judgment and Set Schedule Regarding the Parties' Costs Submissions** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record for Plaintiff:

Joseph A. Longo
Longo and Associates, Ltd.
2100 West Haven
Mt. Prospect, IL 60056


/s/ James F. Botana