**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 3132 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The City of Chicago has moved to strike the request in plaintiff's Reply to Defendant's Response to Plaintiff's Petition for Attorney's Fees on Various Grounds. The reply brief asks for an additional $65,000 in fees and costs over the $1 million plus fee petition. As the City points out, the gambit employed by Mr. Longo in asking for additional fees in the reply brief precludes any response. If not its design, that was surely its effect.[1] The request also ignores Local Rule 54.3, which requires that parties, in advance of a request for fees, confer and attempt in good faith to agree on an amount of fees or related nontaxable expenses. The reply brief chose to ignore that Rule

---

[1] This is not the first time in this case that Mr. Longo has misued a reply brief as a vehicle to advance positions: The Memorandum Opinion and Order of Mary 8, 2009 noted:

> On November 26, 2008, plaintiff filed the instant motion for ruling on the October 26, 2007 motion to compel. [# 104, # 287]. The motion claimed that there had been no ruling on discovery requests relating to harassment, discrimination and retaliation against similarly situated people. Quite rightly, the City insisted there had been several prior rulings. Because Sommerfield's discovery requests were so intertwined and tortured, folding back and forth on each other like a Mobius strip, I asked the parties to review the history of discovery to support their respective positions. The City's responsive brief did just that. [# 126 at 5]. Nonetheless, the plaintiff's reply brief intransigently argued that no answer from this Court has been given on the issues, [# 305]. As the preceding chronology demonstrates, Mr. Longo's claims are glaringly false.

*Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1012 (N.D.Ill. 2009).

although Mr. Longo is a long time member of the bar of this court who has made numerous requests for the award of attorneys' fees not only in this court but in a number of other courts as well.

The vice in waiting until a reply brief to advance a position that could and should have been made either in an opening brief or in a separate filing is obvious. As the Seventh Circuit has admonished over and over, reply briefs are for replying, not for raising new matters or arguments that could and ought to have been advanced in the opening brief. *See e.g., United States v. Boyle,* 484 F.3d 943, 946 (7th Cir.2007)(arguments are forfeited); *United States v. Alhalabi,* 443 F.3d 605, 611 (7th Cir.2006); *Carter v. Tennant Co.,* 383 F.3d 673, 679 (7th Cir.2004); *Hussein v. Oshkosh Motor Truck Company,* 816 F.2d 348, 360 (7th Cir.1987) (Posner, J., concurring); *Mohamad v. Rajoub,* 634 F.3d 604, 608 (D.C.Cir.2011). *See also Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir.2010); *United States v. Boyle,* 484 F.3d 943, 946 (7th Cir.2007).

The impermissible tactic of withholding arguments and positions until the reply brief has been characterized in a variety of ways—all negative. Blind-siding, gamesmanship, and sandbagging are the most commonly used epithets. Regardless of the name applied, the gambit has no place in the judicial system. *Cf., United States v. Portis,* 542 F.2d 414, 418 (7th Cir.1976)(condemning "gamesmanship in getting the last word"); *Pike v. Caldera,* 188 F.R.D. 519, 537 (S.D.Ind.1999). In any context, "sandbagging" leads to inefficient use of judicial resources, and "divert[s] time from litigants in other cases patiently waiting in the queue for the limited time of federal judges." *Otto v. Variable Annuity Life Insurance. Co.,* 134 F.3d 841, 854 (7th Cir.1998).

Loading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based. In addition to being unfair to one's opponent, the tactic of saving everything for last adversely affects the

accuracy of the judicial process, which depends on comprehensive presentations by both sides. *Cf., Adamson v. California,* 332 U.S. 46, 59 (1947) (Frankfurter, J., concurring). *Compare United States v. James Daniel Good Real Property,* 510 U.S. 43, 55 (1993); *Burdett v. Miller,* 957 F.2d 1375, 1380 (7th Cir.1992). Justice Brandeis put it this way: "A judge rarely performs his functions adequately unless the case before him is adequately presented." *The Living Law,* 10 Ill.L.Rev. 461, 470 (1916). Adequate presentation obviously demands that each side has an opportunity to be heard. Mr. Longo's method of proceeding has deprived the City of that opportunity.

To insure that an aggrieved party is not impermissibly affected by a reply brief that advances a position for the first time, a court may either invoke the waiver doctrine or allow the filing of a sur-reply. *Beaird v. Seagate Technology,* 145 F.3d 1159 (10th Cir.1998); *Commonwealth Edison v. U.S. Nuclear Regulatory Commission,* 830 F.2d 610, 621 (7th Cir.1987); *Fenster v. Tepfer & Spitz, Ltd.,* 301 F.3d 851, 859 (7th Cir.2002). Neither course is particularly attractive: the former may punish (permissibly) the client for his lawyer's misconduct, while the latter results in an additional and needless expenditure of judicial resources. The shortness of life imposes constraints on the amount of time that a judge has to devote to any given problem. Sur-replies necessitated by inappropriate reply briefs take time away from other litigants who are waiting in the endless queue of cases. *Cf. Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

The City has asked as an alternative to striking the request for additional fees in the reply brief that it be allowed to file a sur-reply. I do not think that would be an appropriate way to resolve the present issue. It would effectively condone what Mr. Longo has done and would be administratively cumbersome. The more efficient resolution of the problem is to strike the request in the reply brief for an additional $65,000 in fees. If Mr. Longo chooses to make an appropriate

request that complies with the Local Rules of the United States District Court for the Northern District of Illinois, he may do so. He may not, however, choose to ignore those rules and to engage in conduct, the effect of which – if not its purpose – is to unfairly disadvantage his opponent. The City's motion to strike [#699] is granted.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 8/31/12