# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DETLEF SOMMERFIELD,** | |
| **Plaintiff,** | Case No. 06 C 3132 |
| v. | |
| **CITY OF CHICAGO,** | Hon. Harry D. Leinenweber |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the Court grants in part and denies in part Plaintiff Detlef Sommerfield's Bill of Costs. The Court denies Defendant's Motion for the parties to bear their own costs.

## I. BACKGROUND

On May 5, 2008 Plaintiff Detlef Sommerfield (the "Plaintiff") filed his Second Amended Complaint. In it, Plaintiff alleged that the City of Chicago was liable for religious discrimination (Count I), national origin discrimination (Count II), retaliation (Count III), and violations of § 1983 and § 1981 (Count IV). Plaintiff also claimed Sergeant Lawrence Knasiak was liable individually for violations of § 1983 and § 1981 (Count V). Plaintiff sought a total award of $500,000 plus fees and costs. Ultimately, the case proceeded to trial on the first three counts against the City of Chicago (the "Defendant"). Count I alleged

religious harassment in violation of Title VII, Count II alleged national origin harassment in violation of Title VII, and Count III alleged retaliatory harassment in Violation of Title VII. The jury returned a verdict for the Plaintiff on Counts I and II, awarding Plaintiff $30,000. The jury found in favor of Defendant on Count III.

On March 13, 2012 Plaintiff filed his Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1. These rules permit recovery for the litigation costs specified in 28 U.S.C. § 1920. On April 25, 2012, Defendant moved for the parties to bear their own costs. Both motions are currently before the Court.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Specifically, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under Section 1923; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

While Rule 54(d) provides a strong presumption that the prevailing party will recover costs, the "court must review a proposed bill of costs 'in scrupulous detail.'" *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). The claimed expenses must be "reasonable, both in amount and necessity to the litigation." *Id.* The Court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 3555770, at *1 (N.D. Ill. Aug. 11, 2011). The losing party has the burden of showing that the claimed costs are not appropriate. *Id.*

### III. <u>DISCUSSION</u>

#### A. Prevailing Party

Prior to awarding costs under Rule 54(d), the Court must determine who the "prevailing party" is in the lawsuit. Fed. R. Civ. P. 54(d). "A party prevails . . . when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). A party receives substantial relief even if it doesn't prevail on every claim. *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999).

Defendants argue that each party should bear its own costs because Plaintiff lost "nearly all of his case either at summary judgment or at trial." The Court disagrees.

The Court should determine who the prevailing party is not at each stage of the litigation, but instead when the controversy is "finally decided." *Republic Tobacco Co., v. North Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2006). In *Republic Tobacco*, the Seventh Circuit reversed a district court's award of fees to a party who lost at trial, but succeeded on post-trial motions, and held that "a district court's award of costs should not depend on who wins the various battles preceding final judgment." *Id.*

In accordance with this reasoning, the Court finds Defendant's argument regarding the Court's summary judgment decision largely irrelevant for the purpose of establishing who the prevailing party was after the trial concluded. Moreover, the Court finds the cases Defendant uses to support its argument that Plaintiff was not the prevailing party at trial distinguishable.

Defendant argues that *Testa v. Village of Mundelein* and *Gonzalez v. City of Elgin* support the proposition that Plaintiff is not the prevailing party for the purposes of Rule 54(d). However, in *Gonzalez*, the district court determined each party should bear its own costs because neither party prevailed "as to a substantial part of the litigation because the verdict was split." *Gonzalez v. City of Elgin*, No. 06-C-5321, 2010 U.S. Dist. 118357 at *5 (N.D. Ill. Nov. 8, 2010). In that case, "[t]he jury concluded that three of seven Defendants violated two of the six Plaintiffs' constitutional and state law rights." *Id.* In *Testa*, the jury

entered a verdict in favor of the plaintiff on one count and in favor of the defendant on the other. *Testa v. Village of Mundelein*, 89 F.3d 443, 444 (7th Cir. 1996).

In the present case, the jury entered a verdict in favor of Plaintiff on two of his three claims and awarded the Plaintiff $30,000. While the Court recognizes that Defendant prevailed on one of Plaintiff's three claims, the Court does not find a verdict like this analogous to the verdicts in *Gonzalez* and *Testa*. As such, the Court finds Plaintiff received "substantial relief" so that he is the "prevailing party" for the purposes of Rule 54. *Smart*, 573 F.3d at 525.

### B. Expert Fees

Defendant alternatively argues that even if this Court determines that Plaintiff is entitled to costs, Plaintiff should not be entitled to costs related to Plaintiff's expert witness, James Pastor.

Rule 54(d) allows a party to recover only those costs listed in 28 U.S.C. § 1920. *See Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). Defendant argues that because James Pastor was not a court appointed expert and Section 1920 only permits compensation for "court appointed" experts, Plaintiff's request for costs associated with Pastor should be denied.

"As a general rule, expert fees beyond the limits prescribed by 28 U.S.C. § 1821 are not recoverable as costs." *Gallagher v.*

*Gallagher*, No. 07-CV-4196, 2010 WL 2610192 at *2 (N.D. Ill. June 24, 2010). Unless an expert witness is court appointed, the fees "are not recoverable as costs because they are not among the taxable costs itemized in 28 U.S.C. § 1920(6)." *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007). Those expenses which are not on the statutory list must be borne by the party who incurred them. *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996). In this case, Plaintiff does not dispute the fact that James Pastor is not a court appointed expert witness. Thus, the Court denies Plaintiff's request for such fees.

As added support for the denial, the Court reminds Plaintiff that "[i]n order to recover witness fees, a party must show that the witness's testimony was "relevant, material, and reasonably necessary to the case." *Rexam Bev. Can Co. v. Bolger*, No. 06-C-2234, 2008 WL 5068824 at *10 (N.D. Ill. Nov. 25, 2008). Here, Plaintiff's witness never testified at trial. As such, the Court cannot find James Pastor was necessary or even remotely material to Plaintiff's case because the jury never heard his testimony. *See EEOC v. Wal-Mart Stores, Inc.*, No. 99-CV-106 DRH, 2000 WL 1162029 at *2 (S.D. Ill. June 29, 2000) (rejecting costs for witnesses who testified on claims rejected by the jury). Therefore, the Court denies Plaintiff's request for the costs of fees associated with Pastor James and reduces Plaintiff's Bill of Costs by $3,825.00.

**C. Plaintiff's Requested Costs**

*1. Copying Costs and Filing Fee*

Plaintiff seeks $161.50 in copying costs for 1,615 pages at .10 per page. Prevailing parties are entitled to fees from copying necessary papers and courts in this district have found photocopying costs between $0.10 and $0.20 per page reasonable. *See* 28 U.S.C. § 1920; *Shanklin Corp. v. American Packaging Machinery, Inc.,* No. 95-1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006). Plaintiff also seeks $350.00 for his filing fee. Defendant does not object to either of these costs. Accordingly, $511.50 is properly taxable to Plaintiff for copying costs and filing fees.

*2. Transcript and Deposition Costs and Court Reporter Appearance Fees*

Plaintiff seeks $9,035.10 in transcript costs and $2,20.63 in court reporter appearance fees. "Deposition and transcript costs are recoverable where the deposition was reasonably necessary at the time the deposition was taken in light of the facts known at the time." *Kaplan v. City of Chicago*, No. 05-C-2001, 2009 WL 1940789 at *4 (N.D. Ill. July 6, 2009). Courts in this district have found court reporter attendance fees ranging from $35.00 to $95.00 per hour to be reasonable for court reporters. *See Manson v. City of Chicago*, 825 F.Supp.2d 952 (N.D. Ill. Nov. 10, 2011). However, "[c]osts incurred merely for the convenience of the prevailing party may not be recovered." *Trading Technologies*

*Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 969 (N.D. Ill. 2010). The prevailing party has the "burden of demonstrating the amount of recoverable costs." *Id.*

The following chart broken down by witnesses and hearing dates summarizes what Plaintiff has requested for reimbursement.

| WITNESS | COURT REPORTER ATTENDANCE FEES | TRANSCRIPT/ COPY FEES | RELATED FEES | TOTAL REQUESTED |
|---|---|---|---|---|
| 1.Christine Durrell | $343.75($62.50/hour) [ECF:638; Ex. 4 at 8.] | $645.70(262 pages) [ECF: 638; Ex. 3 at 2] | | $989.45 |
| 2.Robert Flores | $160.00($40.00/hour) [ECF: 638 Ex. 4 at 9.] | $418.60(176 pages) [ECF: 638; Ex. 3 at 6.] | | $578.60 |
| 3.Christopher Taliaferro | $671.88 ($62.50/hour) ($93.75/hour) [ECF:638; Ex. 4 at 1.] | $760.20(314 pages) [ECF: 638; Ex. 3 at 3] | | $1432.08 |
| 4.Carson Earnest | N/A | $714.70(302 pages) [ECF: 638; Ex. 3 at 7.] | | $714.70 |
| 5.Victor Gutierrez | $160.00 ($40.00/hour) [ECF: 638; Ex. 4 at 7.] | $595.00(250 pages) [ECF: 638; Ex. 3 at 11.] | | $755.00 |
| 6.Susan Clark | $280.00 ($40.00/hour) [ECF: 638; Ex. 4 at 6.] | $754.65(319 pages) [ECF: 638; Ex. 3 at 10.] | | $1034.65 |
| 7.Robert Galassi | $80.00 [ECF: 638; Ex. 4 at 5.] | $178.90 (78 pages) [ECF: 638; Ex. 3 at 9.] | | $258.90 |
| 8.Betty Woods | N/A | $691.20(292 pages) [ECF 638; Ex. 3 at 4.] | | $691.20 |
| 9.Sgt.Knasiak | $280.00 ($40.00/hour) [ECF: 638; Ex. 4 at 4.] | $660.35(281 pages) [ECF: 638: Ex. 3 at 15.] | $32.50 [ECF: 638; Ex. 2 at 16.] | $972.85 |
| 10.Detlef Sommerfield Vol. I | N/A | $932.75 **[invoice submitted w/o page numbers]** [ECF: 638; Ex. 3 at 1.] | | $932.75 |
| 11.Detlef Sommerfield Vol. II | N/A | $593.90(181 pages) [ECF: 638; Ex. 3 at 14.] | | $593.90 |

| WITNESS | COURT REPORTER ATTENDANCE FEES | TRANSCRIPT/ COPY FEES | RELATED FEES | TOTAL REQUESTED |
|---|---|---|---|---|
| 12. Detlef Sommerfield Vol. III | N/A | 324.80 [no invoice submitted.] | | $324.80 |
| 13. Margaret Barren | $125.00 [ECF: 638; Ex. 4 at 3.] | [invoice submitted w/o page numbers] | | $125.00 |
| 14. John Majweski | $120.00 [ECF: 638; Ex. 4 at 2.] | $343.40 (144 pages) [ECF: 638; Ex. 6 at 1.] | | $463.40 |
| 15. Court Transcript 11.18.08 Hearing | N/A | $281.05 (77 pages) [ECF: 638 Ex. 3 at 8.] | | $281.05 |
| 16. Court Transcript 10.4.07 Hearing | N/A | $125.00 (158 pages) [ECF: 638; Ex. 3 at 13.] | | $125.00 |
| 17. Court Transcript 4.14.10 Hearing | N/A | $24.25 (5 pages) [ECF: 638; Ex. 3 at 12.] | | $24.25 |
| 18. Court Transcript 3.4.08 Hearing | N/A | $157.25 (37 pages) [ECF: 638; Ex. 3 at 5.] | | $157.25 |
| 19. Court Transcript 8.7.07 Hearing | N/A | $187.20 [no invoice submitted] | | $187.20 |
| 20. Court Transcript 7.18.08 Hearing | N/A | $10.80 [no invoice submitted] | | $157.25 |
| 21. Court Transcript | N/A | $9.00 [no invoice submitted] | | $9.00 |

At the outset, the Court finds that Plaintiff has failed to satisfy his burden with regards to a handful of his requested costs for transcripts and court appearance fees. Specifically, Plaintiff failed to provide this Court any invoice or other supporting evidence for Items 12, 19, 20, and 21. In addition to this, Plaintiff listed Item 11 twice in his Bill of Costs, but failed to provide two separate invoices. The Court refuses to include this expense twice and refuses to include any requested expense for

- 9 -

which Plaintiff has failed to provide an invoice. Thus, the Court first reduces Plaintiff's transcript and court reporter appearance fees by $1,125.70. *See Trading Tech. Intern., Inc.*, 750 F.Supp.2d at 969 (reducing costs awarded to a prevailing party due to the party's failure to substantiate all claimed costs).

The Court next turns to those transcript and court reporter appearance costs which Plaintiff has provided invoices. Under Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed. . . ." Local Rule 54.1(b). When the depositions at issue were filed, the copy rate established by the Judicial Conference for regular original deposition transcripts was $3.65. *See, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm*. Recently, courts in this district have held that this maximum $3.65 per page rate includes any claimed court reporter appearance fee. Thus, if a court reporter appearance fee "pushes the overall cost of the transcript beyond the maximum ordinary transcript rates established by the Judicial Conference," the additional expense is denied. *See Amer. Casualty Ins. Co., v. City of Waukegan*, No. 07-C-1990, 2011 WL 6437535 at *4 (N.D. Ill. Dec. 20, 2011). Because of this, the Court reduces Plaintiff's requested costs for Items 1, 3, and 17 in order to remain within the maximum $3.65 per page rate.

Finally, Plaintiff failed to provide the Court an invoice stating the number of pages and the hourly rate for Items 10 and 13.

> [W]here a party seeking costs fails to provide specific information relating to the hourly charges of the court reporter or the number of pages in a requested transcript, no costs will be awarded. Without this type of information it is impossible for the Court to determine what specific costs are reasonable and necessary.

*Glenayre Electronics, Inc. v. Jackson*, No. 02-C-0256, 2003 WL 21947112 at *2 (N.D. Ill. Aug. 11, 2003).

Thus, the Court refuses to award costs for Item 10. The following chart summarizes what expenses the Court will award to Plaintiff with regard to court reporter appearance fees and transcript costs requests.

| WITNESSES | TOTAL AWARDED |
|---|---:|
| 1. Christine Durrell | $956.30 |
| 2. Robert Flores | $578.60 |
| 3. Christopher Taliaferro | $1146.10 |
| 4. Carson Earnest | $714.70 |
| 5. Victor Gutierrez | $755.00 |
| 6. Susan Clark | $1034.65 |
| 7. Robert Galassi | $258.90 |
| 8. Betty Woods | $691.20 |
| 9. Sgt. Knasiak | $972.85 |
| 11. Detlef Sommerfield Vol. II | $593.90 |
| 14. John Majweski | $463.40 |
| 15. Court transcript - 11.18.08 Hearing | $281.05 |
| 16. Court transcript - 10.4.07 Hearing | $125.00 |
| 17. Court transcript- 4.14.10 Hearing | $18.25 |
| 18. Court transcript - 3.4.08 Hearing | $157.25 |

As such, the Court awards Plaintiff a total of $8,747.15 in transcript and court reporter appearance fees.

### *3. Fees for Subpoenas*

Plaintiff requests reimbursement for five subpoena fees issued to Margaret Barron, Michael Galassi, Maureen Hayes, Abuzanat, and Edward Burger for $30.00 each. Plaintiff also seeks appearance fees for Peter Trinidad, John Minich, and Edward Burder in the amount of $40.00 each, plus mileage costs. Defendant does not object to such costs.

Pursuant to 28 U.S.C. § 1821, a witness shall be paid an attendance fee of $40.00 per day. 28 U.S.C. § 1821(b). In addition, a witness is entitled to compensation for mileage traveled. 28 U.S.C. § 1821(c)(2). Compensation for mileage traveled is made on the basis of a rate established by the Administrator of General Services. *Id.* Currently, this rate is $0.55 per mile. 41 C.F.R. § 301-10.303. The Court has reviewed Plaintiff's requests for subpoena fees and mileage traveled and finds them reasonable; awards Plaintiff $327.75 in costs for such fees.

### IV. **CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. Denies Defendant's Motion for each party to bear its own costs;

2. Grants Defendant's Motion insofar as it seeks to bar Plaintiff from recovering expert witness fees for James Pastor in his Bill of Costs; and

3. Awards Plaintiff the sum of $9,586.40 in costs.

**IT IS SO ORDERED.**

                                       Harry D. Leinenweber, Judge
                                       United States District Court

**DATE:10/31/2012**